THE STATE, EX REL. CORDRAY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Cordray, *v.* Indus. Comm. (1990), 54 Ohio St. 3d 99.]

(No. 89-1160—Submitted July 31, 1990—Decided October 17, 1990.)

*Cox & Cox* and *Edward J. Cox, Sr.*, for appellant.

*Anthony J. Celebrezze, Jr.*, attorney general, and *Jeffery W. Clark*, for appellee.

*Per Curiam.* The commission does not dispute appellant's claim that the Rosenthal and Barnett reports were not considered. Appellant claims this omission constitutes either an abuse of discretion or a denial of due process. For the following reasons, we affirm the court of appeals' decision.

Appellant's due process allegation may be quickly disposed of since it was not raised below. *State, ex rel. Gibson,* v. *Indus. Comm.* (1988), 39 Ohio St. 3d 319, 530 N.E. 2d 916. Appellant unpersuasively responds that the constitutional claims could not have been raised previously. The alleged violations, however, appeared when the commission's order, not the appellate opinion, was issued. Appellant could thus have made his argument below.

As to the claim of abuse of discretion, the commission argues that appellant has not established that the commission had a clear legal duty to review the Rosenthal report. The commission stresses that appellant applied for compensation for permanent total disability in 1984, yet waited four years to get a vocational evaluation. Even then, appellant did not submit the report until one month after the hearing.

There is no statute or rule that specifically requires that all proof be presented prior to or at hearing. Ohio Adm. Code 4121-3-09(C)(5), however, provides:

"At hearings with notice, consideration shall be confined to the issues presented in the adjudication of the claim and the parties shall be prepared to fully present their respective positions in regard to such issues. If it appears that the parties are inadequately prepared to present facts bearing upon the issues in the claim, the hearing officer *may* continue the claim to the end of the hearing docket or to a specific future date with instructions to the parties or their representatives to properly prepare the presentation of their respective positions." (Emphasis added.) See, also, Ohio Adm. Code 4121-2-01(A)(2).

Rather than support a claim of clear legal right, these sections suggest the opposite. Having the discretion to grant or deny additional time for hearing preparation, the commission must also have the discretion to accept or reject evidence submitted thereafter.

Appellant argues that the commission may not ignore Rosenthal's report because of its posthearing submission, and yet consider Dr. Piero's posthearing report. This contention is unpersuasive. Dr. Piero examined appellant at the *commission's* request. Ohio Adm. Code 4121-3-09(B)(3) states:

"The bureau, board or commission may, *at any point* in the processing of an application for benefits, require the employee to submit to a physical examination * * *." (Emphasis added.)

Since the commission may refer a claimant for examination at any time, the commission may consider the report generated therefrom, regardless of when it is obtained. We thus find that the commission had no clear legal duty to consider Rosenthal's report.

Turning to Dr. Barnett's report, we affirm the appellate court's decision to forgo ordering additional consideration, but do so for reasons other than those cited below. The court reasoned:

"* * * [T]he report of Dr. Barnett only very briefly and conclusively addressed one of the *Stephenson* factors. [*State, ex rel. Stephenson*, v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946.] Indeed his mention of relator's limited education adds nothing to the statement of facts which, pursuant to the commission's order, the commission considered * * * * * *"

*Stephenson* identifies certain nonmedical factors such as age, education, etc., that must be considered in determining permanent total disability. The appellate court implied that had Dr. Barnett discussed the *Stephenson* factors more thoroughly, a writ of mandamus ordering further consideration would have been appropriate. This is incorrect.

In *State, ex rel. Lawrence*, v. *American Lubricants Co.* (1988), 40 Ohio St. 3d 321, 533 N.E. 2d 344, we directed physicians to confine their opinions to *medical impairment, not disability*. When stripped of its disability discussion, Dr. Barnett's report *does not* indicate that appellant's allowed conditions preclude sustained remunerative employment. We thus find it unnecessary to order the commission to consider additional evidence that does not contradict the commission's original conclusion.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.