THE STATE EX REL. ROY, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Roy v. Indus. Comm.* (1996), 74 Ohio St.3d 259.]

(No. 94–1180—Submitted October 24, 1995–Decided January 10, 1996.)

260

262

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellee.

*Per Curiam.* Claimant alleges two main defects in the commission's order: (1) a failure to consider all allowed conditions; and (2) an insufficient explanation

under *Noll,* which claimant argues warrants a writ to compel permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Because we agree with claimant's initial contention, we reverse the judgment of the court of appeals.

The commission did not include claimant's psychiatric condition in its deliberations. The court of appeals, however, held that *State ex. rel. Cordray v. Indus. Comm.* (1990), 54 Ohio St.3d 99, 561 N.E.2d 917, supported the commission's action. In so doing, the court of appeals erred.

The relevant chronology is as follows:

*June 27, 1990*—Claimant's permanent total disability compensation application heard;

*August 7, 1990*—Claimant moves for additional allowance of psychiatric condition;

*September 6, 1991*—Permanent total disability compensation denied;

*September 30, 1991*—Claimant moves for reconsideration;

*June 12, 1992*—Psychiatric condition allowed; and

*April 13, 1993*—Reconsideration denied.

In examining the confusing order of events, we hold neither claimant nor the commission to be blameless. Claimant did not seek psychiatric allowance until after the permanent total disability compensation hearing. The commission, for its part, took an inordinately long time to adjudicate the three motions before it— fourteen months for permanent total disability compensation, two years for the psychiatric allowance, and eighteen months for reconsideration.

Irrespective of fault, one fact controls—by the time reconsideration was denied, "major depressive disorder" was an allowed condition. This distinguishes this case from *Cordray.*

In *Cordray,* the commission held claimant's permanent total disability compensation motion in abeyance in order to secure a commission specialist's exam. During the abeyance period, claimant submitted a vocational report. Permanent total disability compensation was later denied, without consideration being given to the vocational report. Claimant challenged the omission to this court.

We found no abuse of discretion. We reasoned that, under Ohio Adm.Code 4121–3–09(C)(5), the commission, "having the discretion to grant or deny additional time for hearing preparation, * * * must also have the discretion to accept or reject evidence submitted thereafter." *Cordray,* 54 Ohio St.3d at 101, 561 N.E.2d at 919.

Under *Cordray,* the commission, in this case, was indeed free to disregard the psychiatric evidence. The critical difference is that, unlike *Cordray,* the commis-

sion *did* consider the belated evidence and, once it did, moved beyond *Cordray*'s protection.

Once the commission allowed the psychiatric condition prior to the commission's conclusive denial of permanent total disability compensation, the issue became one of additional *conditions,* rather than one of additional evidence. Unlike additional evidence, there is no precedent supporting the denial of permanent total disability compensation absent consideration of all allowed conditions. The commission, therefore, erred in not granting reconsideration and incorporating the condition into its deliberations.

Accordingly, we reverse the judgment of the court of appeals, direct the commission to vacate an order, and return the cause for consideration of all allowed conditions and amended order. Until the commission does so, any further discussion of claimant's potential eligibility for permanent total disability compensation is premature.

The judgment of the court of appeals is hereby reversed.

*Judgment reversed*
*and limited writ allowed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.