[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 259.]

THE STATE EX REL. ROY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Roy v. Indus. Comm.*, 1996-Ohio-141.]

*Workers' compensation—Application for permanent total disability compensation—Industrial Commission abuses its discretion in denying compensation when it did not consider all allowed conditions.*

(No. 94-1180—Submitted October 24, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Franklin County No. 93APD05-731.

———————————

{¶ 1} Appellant-claimant, William D. Roy, was injured in the course of and arising from his employment with Southern Ohio Regional Transit Authority ("SORTA"). His claim for workers' compensation benefits was allowed. In 1989, he moved appellee, Industrial Commission of Ohio, for permanent total disability compensation. Claimant's allowed conditions at that time involved his shoulder and lower back. Dr. James P. Duffy reported that these conditions rendered claimant permanently and totally disabled. Dr. Dale E. Fox assessed a seventy-five-percent permanent partial impairment and prohibited claimant from returning to his former job. On the larger question of sustained remunerative employment he stated that:

"Whether he [claimant] can qualify for some other type of work would have to be decided [,] but at his age [fifty-five] I doubt whether he would be a good candidate for rehabilitation."

{¶ 2} On behalf of the commission, Dr. Wayne C. Amendt assessed a thirty-four-percent permanent partial impairment that would permit light-duty work. Dr. Steven S. Wunder found a fifteen percent permanent partial impairment with a capacity for sustained remunerative employment.

**{¶ 3}** SORTA offered the report of Dr. Kenneth R. Hanington. He opined:

"The industrial injury does prevent the claimant from returning to his former position of employment. His condition is permanent. He has reached maximum medical improvement. The industrial injury in and of itself does not prevent the claimant from engaging in sustained remunerative employment of a light lifting nature. Light lifting is defined as lifting 20 lbs. maximum with frequent lifting and/or carrying of objects weighing up to 10 lbs. His impairment, using the AMA guide as a reference, is rated as 25% for the whole person for his lumbar spine, 0% of the whole person for his left hip, 12% whole person for his left shoulder injuries. This combines to give him a total impairment rating of 34% of the whole person, based on the AMA Guides.

"Rehabilitation Potential: Considering the percentage of impairment, the claimant is medically stable to participate in rehabilitation services of a light lifting level. No new diagnostic tests are necessary. There are no medical barriers to his return to employment. Programs that would assist the claimant's return to gainful employment would be pain and stress management and vocational rehabilitation. If these programs are implemented, the claimant could return to light duty work."

**{¶ 4}** From a vocational standpoint, Anthony C. Riccio, Ph.D., reviewed the Duffy and Fox reports and concluded that the claimant's age, education, and history of unskilled work dictated permanent total disability compensation.

**{¶ 5}** On June 27, 1990, the commission heard claimant's permanent total disability application. At the hearing's conclusion, it held claimant's motion in abeyance and referred claimant to the commission's rehabilitation division. On August 7, 1990, claimant moved the commission for additional allowance of a psychiatric condition.

**{¶ 6}** Dr. W. Jerry Mysiw examined claimant on the rehabilitation division's behalf. He concluded:

"At this time this gentleman is functioning in less than a sedentary work capacity. His condition appears to be stable. *** Based on today's history and physical examination, I believe that this gentleman should be capable of performing functional activities in a sedentary to light capacity. There would be some restrictions concerning his ability to use his left arm for reaching; however, the extent of these restrictions is not entirely clear as the range of motion tested in the left shoulder was somewhat compromised by his pain behavior. Nevertheless I believe that this gentleman should be considered as a candidate for admission to a Pain and Stress Management Program. This opinion is based on the discrepancy between his physical findings today and the nature of his impairment. I believe that at the conclusion he should be capable of functioning between a light work to sedentary work capacity. There does not appear to be anything in the past medical history that would preclude participation or benefiting from such a program."

{¶ 7} John E. Edwards, evaluation coordinator for the rehabilitation division, ultimately recommended case closure, however, writing:

"Based upon review of the Camera Center Evaluation Team reports, Mr. William Roy does not appear an appropriate candidate for rehabilitation services and such services are not recommended. The physician examiner estimated his physical capacities to be in the less than sedentary range and was of the opinion that rehabilitation services might improve his physical capacities to the full sedentary range. Mr. Roy reports having attended school to the eighth grade and his tested levels of academic skills are below average for that level of education. He reports an 18 year work history of semi-skilled employment as a mechanic which ended in 1987. Vocational aptitude testing produced predominantly average scores and no occupational areas of potential in the sedentary range of physical capacities could be identified.

"This 57 year old man has not worked since 1987 after working 18 years in a semi-skilled occupation due to an industrial injury which has reduced his physical

capacities to the less than sedentary range. He has an eighth grade education, and does not read or write as well as one would expect with that level of education. He has few transferable skills to offer and it does not appear that he would be successful in acquiring new skills which would enable him to compete in the work place at a sedentary level of physical capacities. It does not appear that the Rehabilitation Division could provide services to him which would significantly improve his physical capacities nor address his vocational and educational deficits to such an extent that he would have a realistic prospect of returning to employment. Therefore, this file is recommended for closure and is forwarded to Industrial Commission Legal Section."

{¶ 8} The commission, by order sent September 6, 1991, denied permanent total disability compensation, writing:

"The reports of Doctors Duffy, Wunder, Hanington, and Amendt and the Rehabilitation Evaluation Report Summary dated 11-30-90, were reviewed and evaluated.

"This order is based particularly upon the report of Doctor[s] Wunder, Amendt, Hanington and the Rehabilitation Evaluation Report Summary dated 11-30-90, a consideration of the claimant's education,
age ***.

"Claimant is 58 years old, has worked as a glass and seat repairman/mechanic, and has [a] barber[']s license in Ohio and Kentucky. *** Dr. Hanington found only a 34% permanent partial impairment due to the allowed conditions. The allowance of the claim (Claim PEL 53794) does not preclude claimant from performing light work (lifting 20 lbs. frequently). Dr. Amendt also found only a 34% permanent partial impairment due to all the allowed conditions; claimant has no medical barriers to be resolved per Dr. Amendt. Claimant has transferable skills as a barber which would be within his physical restrictions per Dr. Amendt and Dr. Hanington's opinion that claimant can perform light work.

Claimant is found not to be permanently totally disabled based upon the medical impairments (limited to light work) and transferable skill cited above."

{¶ 9} On September 30, 1991, claimant sought reconsideration of the commission's order. On June 12, 1992, the commission additionally allowed the claim for "major depressive disorder." On April 13, 1993, reconsideration was denied.

{¶ 10} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission had abused its discretion in denying permanent total disability compensation. The appellate court found that the commission's order did not adequately set forth its reasoning pursuant to *State ex rel. Noll v. Indus. Comm.* (1990), 57 Ohio St. 3d 203, 567 N. E. 2d 245. It issued a limited writ directing the commission to vacate its order and returned the cause to it for further consideration and amended order.

––––––––––––––––––

This cause is now before this court upon an appeal as of right.

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellee.

––––––––––––––––––

**Per Curiam.**

{¶ 11} Claimant alleges two main defects in the commission's order: (1) a failure to consider all allowed conditions; and (2) an insufficient explanation under *Noll,* which claimant argues warrants a writ to compel permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St. 3d 315, 626 N. E. 2d 666. Because we agree with claimant's initial contention, we reverse the judgment of the court of appeals.

**{¶ 12}** The commission did not include claimant's psychiatric condition in its deliberations. The court of appeals, however, held that *State ex. rel. Cordray v. Indus. Comm.* (1990), 54 Ohio St. 3d 99, 561 N. E. 2d 917, supported the commission's action. In so doing, the court of appeals erred.

**{¶ 13}** The relevant chronology is as follows:

*June 27, 1990*—Claimant's permanent total disability compensation application heard;

*August 7, 1990*—Claimant moves for additional allowance of psychiatric condition;

*September 6, 1991*—Permanent total disability compensation denied;

*September 30, 1991*—Claimant moves for reconsideration;

*June 12, 1992*—Psychiatric condition allowed; and

*April 13, 1993*—Reconsideration denied.

**{¶ 14}** In examining the confusing order of events, we hold neither claimant nor the commission to be blameless. Claimant did not seek psychiatric allowance until after the permanent total disability compensation hearing. The commission, for its part, took an inordinately long time to adjudicate the three motions before it—fourteen months for permanent total disability compensation, two years for the psychiatric allowance, and eighteen months for reconsideration.

**{¶ 15}** Irrespective of fault, one fact controls—by the time reconsideration was denied, "major depressive disorder" was an allowed condition. This distinguishes this case from *Cordray*.

**{¶ 16}** In *Cordray*, the commission held claimant's permanent total disability compensation motion in abeyance in order to secure a commission specialist's exam. During the abeyance period, claimant submitted a vocational report. Permanent total disability compensation was later denied, without consideration being given to the vocational report. Claimant challenged the omission to this court.

**{¶ 17}** We found no abuse of discretion. We reasoned that, under Ohio Adm. Code 4121-3-09 (C)(5), the commission, "having the discretion to grant or deny additional time for hearing preparation, *** must also have the discretion to accept or reject evidence submitted thereafter." *Cordray*, 54 Ohio St. 3d at 101, 561 N.E. 2d at 919.

**{¶ 18}** Under *Cordray*, the commission, in this case, was indeed free to disregard the psychiatric evidence. The critical difference is that, unlike *Cordray*, the commission *did* consider the belated evidence and, once it did, moved beyond *Cordray*'s protection.

**{¶ 19}** Once the commission allowed the psychiatric condition prior to the commission's conclusive denial of permanent total disability compensation, the issue became one of additional *conditions*, rather than one of additional evidence. Unlike additional evidence, there is no precedent supporting the denial of permanent total disability compensation absent consideration of all allowed conditions. The commission, therefore, erred in not granting reconsideration and incorporating the condition into its deliberations.

**{¶ 20}** Accordingly, we reverse the judgment of the court of appeals, direct the commission to vacate its order, and return the cause for consideration of all allowed conditions and an amended order. Until the commission does so, any further discussion of claimant's potential eligibility for permanent total disability compensation is premature.

**{¶ 21}** The judgment of the court of appeals is hereby reversed.

*Judgment reversed*
*and limited writ allowed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____