[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION
 ON OBJECTIONS TO THE MAGISTRATE'S DECISION IN MANDAMUS
Relator, Mary S. Haymond, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that denied relator's application for permanent total disability compensation, and to issue an order that complies withState ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, andState ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. The magistrate decided the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
In her objections, relator contends that the commission was required to consider an additionally allowed condition to her claim.
This is the second time this matter has been before this court. In an earlier decision, State ex rel. Haymond v.Cincinnati Public Schools (Mar. 12, 1998), Franklin App. No. 97APD03-415, unreported (Memorandum Decision), this court approved a magistrate's decision that held, based on State ex rel. Roy v.Indus. Comm. (1996), 74 Ohio St.3d 259, the commission was not required to consider a condition allowed after its order denying permanent total disability was issued, but remanded the matter to the commission because the order did not meet the requirements ofNoll. No appeal was taken from this decision.
Following the remand to the commission, a staff hearing officer scheduled another hearing but, apparently, did not take new evidence. The staff hearing officer rendered a decision based only on the evidence before the commission at the time of the original denial of relator's application for permanent total disability compensation and found that, based on the medical evidence, she was able to return to her former position of employment.
The issue of whether the commission was required to consider the allowed condition in relator's claim was decided by this court in 1998, and that decision becomes the law of the case and binding on the parties. Inasmuch as the commission has determined that the medical evidence does not support a finding of permanent total disability, the commission was not required to consider the factors set forth in Stephenson. Relator's remedy is to file a new application for permanent total disability.
Therefore, upon a review of the magistrate's decision and an independent review of the file, this court adopts the magistrate's decision as its own, except to find that the correct citation for Roy, is State ex rel. Roy v. Indus. Comm. (1996),74 Ohio St.3d 259, and not State ex rel. Roy v. Indus. Comm. (1998),83 Ohio St.3d 199, as set forth in the magistrate's finding of fact No. 5. Therefore, the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
KENNEDY and BRYANT, JJ., concur.