DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION
{¶ 1} In these original actions, relator, Fred T. Englemon, asks this court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him permanent total disability ("PTD") compensation and to enter an order granting PTD compensation. In the alternative, relator requests that the writ order the commission to vacate its order denying him PTD compensation and its order denying his motion to depose Kenneth R. Hanington, M.D., to enter an order granting the deposition, and then to enter an order adjudicating the PTD application.
 {¶ 2} These matters were referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writs. (Attached as Appendix A.) Relator has filed an objection to the magistrate's decision, stating that the magistrate erred by not striking Dr. Hanington's report due to its ambiguity and/or by not allowing a deposition of Dr. Hanington in order to address the ambiguity.
 {¶ 3} By his objection, relator submits the same arguments he made to the magistrate. The magistrate considered those arguments and concluded that Dr. Hanington's report was sufficiently clear to show that Dr. Hanington accepted and evaluated the claim allowance. Further, given the lack of ambiguity in Dr. Hanington's report, there was no need for relator to depose him. As to these arguments, we agree with the magistrate's analysis and reasoning.
 {¶ 4} Based on an independent review of the evidence, relator's objection to the magistrate's decision is overruled and we adopt the magistrate's decision, including the findings of fact and conclusions of law contained it. In accordance with the magistrate's decision, we deny the requested writs of mandamus.
Objection overruled, writs of mandamus denied.
Klatt and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Fred T. Englemon, :
 Relator, : Nos. 05AP-46
 : and
v. : 05AP-67
Queen City Barrel Co. and : (REGULAR CALENDAR)
Industrial Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on June 27, 2005 Buckovich, Schimpf, Schimpf Ginocchio Co., L.P.A., Daryl A.W.Crosthwaite and Stephen P. Gast, for relator.
Jim Petro, Attorney General, and Derrick L. Knapp, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} In these original actions, relator, Fred T. Englemon, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation, and to enter an order granting said compensation. In the alternative, relator requests that the writ order the commission to vacate its order denying him PTD compensation and its order denying his motion to depose Kenneth R. Hanington, M.D., and to enter an order granting the deposition and thereafter enter an order adjudicating the PTD application.
Findings of Fact:
 {¶ 6} On May 28, 1987, relator sustained an industrial injury while employed as a laborer for respondent Queen City Barrel Company, a state-fund employer. The industrial claim is allowed for: "cervical strain; pinched nerve neck; contusion to head; central disc bulge at L4-5; C5-6 disc herniation," and is assigned claim number 87-13278.
 {¶ 7} 2. On April 7, 1999, relator filed an application for PTD compensation. In support, relator submitted a report from chiropractor Mark T. Spears, D.C., who examined relator on February 27, 1998. In his report, Dr. Spears lists the allowed conditions of the claim as follows:
 Lumbago
 Contusion of face/scalp
 Sprain of neck
 Cervical root injury
 Central disc bulge L4-5
 Disc herniation C5-6

Dr. Spears opined:
Based upon Mr. Engelmon's [sic] current physical condition, the perment [sic] residuals of this industrial injury, educational background, prior work experience, age, and his long-term prognosis, I do not feel that he is capable of sustaining any form of renumerative [sic] employment whatsoever. Based upon these factors, I feel that Mr. Engelmon [sic] should be considered permanently and totally disabled as a direct result of this injury.
 {¶ 8} On April 21, 2000, relator was examined at the commission's request by orthopedic surgeon Kenneth R. Hanington, M.D. Dr. Hanington wrote:
Allowance: Cervical strain; pinched nerve, neck; contusion to head; central disc bulge at L4-5; C5-6 disc herniation.
* * *
History of Present Illness: On the date of injury, 5/28/87, the claimant was struck in the neck and back by two drums as he was loading a trailer. He had MRI's of the cervical and lumbar spine on 12/10/87 which showed a midline, right and central disc bulge at C5-6 and a minimal central disc bulge at L4-5, with evidence of disc dessication. He had no surgical intervention.
Currently, the claimant is under the care of Dr. Pagani, a neurologist, who treats him with medication. His present complaints are of episodic pain in the low back area and cervical spine, with occasional radiation down his right leg and occasional headaches, aggravated by certain activities.
* * *
Discussion: The claimant had a work-related injury to his cervical and lumbar spine for which he has the allowances noted above. His MRI's have shown disc bulging in both the cervical and lumbar region, age-related changes without disc herniations.
Opinion: The claimant's allowed orthopaedic conditions have reached maximum medical improvement and permanency. Utilizing the AMA Guidelines, 4th edition, as a reference, for his allowance for a central disc bulge at L4-5, the claimant is classified in a DRE Lumbosacral Category I, which translates to a 0% impairment rating. For his allowances for a cervical strain and a contusion to the head, his impairment is 0%. For his allowances for a disc herniation at C5-6 and a pinched nerve in the neck, which are essentially one and the same, with evidence of a limitation of motion in the cervical spine, the claimant is classified in a DRE Cervico-Thoracic Category II, which results in a 5% whole person impairment rating. The claimant's resulting combined permanent partial impairment rating is, therefore, 5% of the body as a whole for the allowances for claim 87-13278. At this level of impairment, he should be able to work in a moderate capacity. He is unable to return to his former position of employment, but is capable of other sustained remunerative employment.
 {¶ 9} 4. Dr. Hanington also completed an occupational activity assessment on April 21, 2000.
 {¶ 10} 5. On May 5, 2000, relator moved to depose Dr. Hanington, explaining:
* * * The injured worker respectfully submits that there is a substantial disparity between the report of Dr. Kenneth Hanington and that of Dr. Mark Spears. A deposition is necessary in order to allow Dr. Hanington to explain why the injured worker has no restrictions for this injured worker who suffers from disc injuries in the cervical and lumbar spine. The injured worker respectfully submits that he has a constitutional right to take the deposition of Dr. Hanington pursuant toState, ex rel. Williams v. Industrial Commission of Ohio. In the alternative, the injured worker respectfully requests that a new examination be scheduled wherein the Commission specialist considers all the allowed conditions in the claim. Dr. Hanington has stated in the discussion portion of his report that the injured worker's disc involvement in the cervical and lumbar spine is age related and not the result of the industrial injury when, in fact, those conditions had been recognized in his claim.
 {¶ 11} 6. Following an August 9, 2000 hearing, a staff hearing officer ("SHO") issued an order denying relator's motion for a deposition. The SHO order explains:
* * * [I]t is the finding of the Staff Hearing Officer that the claimant's motion is unreasonable because Dr. Spears' opinion on permanent total impairment considered non-medical disability factors. The Staff Hearing Officer further finds that Dr. Spears considered the non-allowed condition of lumbago in his report. The Staff Hearing Officer finds that Dr. Hanington accepted all the allowed conditions in claim. The Staff Hearing Officer finds that Dr. Hanington's comments on aging process and disc bulges is in regards to interpretation of findings of MRI Scan. Therefore, it is the order of the Staff Hearing Officer that the claimant's motion is denied. * * *
 {¶ 12} 7. Following a September 8, 2000 hearing, an SHO issued an order denying relator's PTD application. The SHO relied exclusively upon the reports of Dr. Hanington in determining that the industrial injury medically permits relator to perform sedentary and light work activity. The SHO also analyzed the nonmedical factors.
 {¶ 13} 8. On January 13, 2005, relator, Fred T. Englemon, filed this mandamus action.
Conclusions of Law:
 {¶ 14} Two issues are presented: (1) whether the commission abused its discretion in denying relator's motion to depose Dr. Hanington; and (2) whether the commission abused its discretion in relying upon Dr. Hanington's reports in its adjudication of the PTD application.
 {¶ 15} Finding no abuse of discretion, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 16} Turning to the first issue, R.C. 4123.09 provides that the commission "may cause depositions of witnesses * * * to be taken."
 {¶ 17} Supplementing the statute, Ohio Adm. Code 4121-3-09(A)(6) sets forth a procedure for obtaining depositions of a commission or bureau physician. Deposition requests are evaluated under a reasonableness standard. Ohio Adm. Code 4121-3-09(A)(6)(c) and (d); State ex rel. Coxv. Greyhound Food Mgt., Inc., 95 Ohio St.3d 353, 355, 2002-Ohio-2335.
 {¶ 18} Ohio Adm. Code 4121-3-09(A)(6)(d) states:
The factors to be considered by the hearing administrator when determining the reasonableness of the request for deposition and interrogatories include whether a substantial disparity exists between various medical reports on the issue that is under contest, whether one medical report was relied upon to the exclusion of others, and whether the request is for harassment or delay. * * *
 {¶ 19} After extensively discussing the deficiencies of the "substantial disparity" and "exclusive reliance" criteria, the Cox court concluded that the code's first two criteria, in most cases, are not very useful in determining the reasonableness of a deposition request. Cox,
supra, at 356. The court stated that, fortunately, the code implies that other factors may be considered as circumstances dictate. In Cox, the court relied upon two other criteria to judge the reasonableness of the deposition request: (1) does a defect exist that can be cured by deposition; and (2) is the disability hearing an equally reasonable option for resolution?
 {¶ 20} In his motion for a deposition, relator claims: (1) a substantial disparity between the report of Dr. Hanington and the report of Dr. Spears; and (2) that Dr. Hanington failed to consider all the allowed conditions of the industrial claim.
 {¶ 21} Apparently addressing the "substantial disparity" issue, the SHO observed that Dr. Spears' disability opinion considers nonmedical disability factors. The SHO also observed that Dr. Spears considered lumbago, a nonallowed condition.
 {¶ 22} In the magistrate's view, the SHO provided a reasonable explanation as to why the substantial disparity criterion does not compel a deposition.
 {¶ 23} Where it is clear that a doctor's opinion indicating whether or not the claimant can perform sustained remunerative employment is premised, even in part, upon nonmedical factors, the doctor's opinion must be removed from evidentiary consideration. State ex rel. Lopez v. Indus.Comm. (1994), 69 Ohio St.3d 445 (Dr. Seltzer's opinion improperly strays beyond the bounds of impairment); State ex rel. Cordray v. Indus. Comm.
(1990), 54 Ohio St.3d 99; State ex rel. Mobley v. Indus. Comm. (1997),78 Ohio St.3d 579, 585 (the commission properly rejected the report of Dr. Fallon because he considered age, education, and lack of rehabilitation potential).
 {¶ 24} Here, there can be no doubt that Dr. Spears' disability opinion is not medical evidence upon which the commission could have relied to support its adjudication of the PTD application because Dr. Spears improperly considered relator's "educational background, prior work experience, age" in finding that "relator should be considered permanently and totally disabled." The commission was required by settled case law to remove Dr. Spears' opinion from evidentiary consideration.
 {¶ 25} On the other hand, there is no indication in Dr. Hanington's reports that he improperly considered nonmedical factors.
 {¶ 26} Given the above analysis, there can be no substantial disparity between the report of Drs. Hanington and Spears.
 {¶ 27} As previously noted, relator also claimed a need to depose Dr. Hanington because, allegedly, Dr. Hanington failed to accept "central disc bulge at L4-5" as an allowed condition of the claim. Relator argues that the following sentence from Dr. Hanington's report supports relator's claim that Dr. Hanington failed to consider all the allowed conditions: "His MRI's have shown disc bulging in both the cervical and lumbar region, age-related changes without disc herniations."
 {¶ 28} Relator further argues that the above-quoted sentence creates uncertainty as to whether Dr. Hanington considered all the allowed conditions of the claim, and the alleged uncertainty can only be resolved by deposition. The magistrate disagrees.
 {¶ 29} Analysis begins with the observation that Dr. Hanington correctly listed all the allowed conditions of the claim at the beginning of his report. He then specifically stated that relator:
* * * [H]ad MRI's of the cervical and lumbar spine on 12/10/87 which showed a midline, right and central disc bulge at C5-6 and a minimal central disc bulge at L4-5, with evidence of disc dessication. * * *
 {¶ 30} While Dr. Hanington's statement suggests a belief that the "central disc bulge at L4-5" is an age-related change rather than an industrial injury, in the opinion paragraph of his report, Dr. Hanington nevertheless wrote:
* * * Utilizing the AMA Guidelines, 4th edition, as a reference, for his allowance for a central disc bulge at L4-5, the claimant is classified in a DRE Lumbosacral Category I, which translates to a 0% impairment rating. * * *
 {¶ 31} Regardless of his belief that the "central disc bulge at L4-5" is an age-related change, Dr. Hanington evaluated the claim allowance for impairment to the body as a whole. That Dr. Hanington found zero percent impairment for the allowed condition of "central disc bulge at L4-5," does not mean he failed to accept a claim allowance. A claim allowance does not automatically entitle a claimant to an impairment rating above zero.
 {¶ 32} Here, while Dr. Hanington seems to question the claim allowance as being age related, he nevertheless accepts the claim allowance and evaluates it during his examination. His examination for the claim allowance results in his medical conclusion that there is no impairment for that claim allowance.
 {¶ 33} In State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693, Joseph Domjancic brought a mandamus action to challenge the commission's denial of his PTD application. In denying his application, the commission relied upon the report of Dr. Gonzalez which Mr. Domjancic challenged. The court explained:
Dr. Gonzalez's report, at the outset, outlines all allowed conditions, substantiating his awareness of what the claimant's recognized conditions were. That the doctor, upon examination, found no evidence of a herniated disc, does not amount to a repudiation of the allowance. As the referee insightfully stated:
"Dr. Gonzalez was not required to merely parrot the allowed conditions as his medical findings. It was Dr. Gonzalez's duty to report his actual clinical findings. * * *"
Id. at 695. (Emphasis sic.)
 {¶ 34} In the instant case, Dr. Hanington was not required to assess some impairment rating above zero for the claim allowance simply because there is a claim allowance. It was Dr. Hanington's duty to report his actual clinical findings regarding his examination for the claim allowance. There is no indication in his report that he disregarded the claim allowance or failed to examine for it.
 {¶ 35} There is no defect in Dr. Hanington's report relating to relator's request for a deposition of Dr. Hanington. That being the case, the commission could not have erred in denying relator's request for the deposition. Cox, supra.
 {¶ 36} The second issue is whether the commission abused its discretion in relying upon Dr. Hanington's reports in its adjudication of the PTD application. Actually, this issue has already been addressed by the magistrate above. Relator contends, based upon the alleged flaw in Dr. Hanington's report, that the commission failed to consider all the allowed conditions of the claim when it exclusively relied upon Dr. Hanington's reports. Given the above analysis showing that Dr. Hanington's reports are not flawed with respect to his evaluation of the allowed conditions, relator's argument as to the second issue must also fail.
 {¶ 37} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.