DECISION
{¶ 1} Relator, Brian P. Schlegel, filed this action in mandamus seeking a writ compelling the Industrial Commission of Ohio ("commission") to vacate its order denying him temporary total disability ("TTD") compensation and compelling the commission to enter a new order granting the compensation. *Page 2 
 {¶ 2} In accord with the local rules, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision includes a recommendation that we deny the requested relief.
 {¶ 3} Counsel for relator has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
 {¶ 4} The commission based its refusal to grant TTD compensation for relator upon an application of the doctrine of voluntary abandonment of employment. Specifically, relator was fired for failing to show up for work for five days without contacting his supervisor. This failure was a violation of a written policy of attendance in Stykemain Pontiac Buick GMC, Ltd.'s employee manual. The commission applied the case law fromState ex rel. Louisiana-Pacific Corp. v. Indus. Comm. (1995),72 Ohio St.3d 401.
 {¶ 5} Counsel for relator has argued in this court that State ex rel.Pretty Products, Inc. v. Indus. Comm. (1996), 77 Ohio St.3d 5 should be applied and TTD compensation be granted because after relator had missed work for four days without contacting his supervisor, the Fort Wayne Neurological Center faxed a work status report to relator's employer indicating he could not return to work from May 16 through July 5, 2006. Counsel also argues that an attending physician's report dated May 12, 2006 and faxed at 10:26 a.m. on the second day of work in a row missed by relator without reporting to his supervisor put the employer on notice that relator would not be coming to *Page 3 
work and prevented his being considered or having voluntarily abandoned his employment.
 {¶ 6} The problem for relator includes the fact that relator had a long history of not showing up for work and not calling in. The termination notice indicated that this had occurred six times before and that relator had been warned about the problem two times before.
 {¶ 7} A second problem is the fact relator, while representing himself early on, did not provide any written proof that he put his employer on notice he would be missing work on the five work days he missed immediately before being fired. The commission did not have to accept relator's word for this, especially since the employer's personnel file contains no "off-work" slips and relator had a history of missing work without calling in.
 {¶ 8} Pretty Products, idem., did not overrule Louisiana-PacificCorp. The Pretty Products case was a case in which the commission found no voluntary abandonment of employment in an order which the Supreme Court of Ohio found to be so vague that the case was remanded to the commission for explanation and clarification. In deciding PrettyProducts, the Supreme Court expressly criticized a number of possible interpretations of the commission's order as "incorrect." However, the Supreme Court implied that State ex rel. Brown v. Indus. Comm. (1993),68 Ohio St.3d 45, 48 was still good law in its holding that "a claimant can abandon a former position or remove himself or herself from the work force only if he or she has the physical capacity for employment at the time of the abandonment or removal." The problem for relator is that he apparently worked his job on May 10, 2006 before missing on May 11, 12, 15, 16 and 17, 2006. The *Page 4 
commission could legitimately decide that relator was not disabled when he stopped reporting for work.
 {¶ 9} Based upon these facts, the objections to the magistrate's decision are overruled. We adopt the findings of fact and conclusions of law in the magistrate's decision and deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
SADLER, P.J., and DESHLER, J., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 5 
 APPENDIX A MAGISTRATE'S DECISION Rendered on May 24, 2007 IN MANDAMUS {¶ 10} Relator, Brian P. Schlegel, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for temporary total *Page 6 
disability ("TTD") compensation on grounds that he had voluntarily abandoned his employment and ordering the commission to find that he is entitled to that compensation.
Findings of Fact:
 {¶ 11} 1. Relator sustained a work-related injury on January 25, 2006, and his claim would ultimately be allowed for "sprain/strain bilateral trapezius muscle," "cervical and lumbosacral strain/sprain" and "sacroiliac strain/sprain, and herniated disc L4-L5."
 {¶ 12} 2. Relator returned to work.
 {¶ 13} 3. On May 17, 2006, relator was terminated from his position of employment for the following reason: "Last day worked 5-10-06 Brian failed to report for work on 5-11, 5-12, 5-15, 5-16, 5-17 without contacting his supervisor. Terminated official do [sic] to violating Art III Section D of Employee Manual[.] 7th offense verbal warning 2x previous[.]"
 {¶ 14} 4. Also on May 17, 2006, relator filed his first report of an injury form. On this form, relator indicated that he advised respondent Stykemain Pontiac Buick GMC, Ltd. ("employer"), of his injuries that same day, May 17, 2006.
 {¶ 15} 5. Relator's claim was originally allowed for certain conditions by the administrator of the Ohio Bureau of Workers' Compensation ("BWC") in June 2006.
 {¶ 16} 6. Relator appealed that decision and the matter was heard before a district hearing officer ("DHO") on July 13, 2006. Relator did not appear at the hearing and was not represented by counsel either. The DHO modified the prior order of the administrator, indicated what conditions would be allowed in the claim, and addressed *Page 7 
relator's request for TTD compensation. In denying that request for compensation, the DHO stated:
 Payment of Temporary Total Disability Compensation is DENIED, as the Injured Worker was terminated from his employment on 5/17/2006, due to violation of a Written Work Policy, specifically the No Call/No Show Policy.
 This order is based upon the report of Dr. McGowen, dated 5/25/2006 and Dr. Mohler, dated 1/27/2006, and the termination records on file.
(Emphasis sic.)
 {¶ 17} 7. The employer had provided a copy of its manual, which provides in pertinent part:
 Attendance. Regular attendance by all employees is mandatory. You, as an employee, must notify your supervisor immediately if you are unable to report to work as assigned. You are to give notice as far in advance as possible for your absence to be an excused absence. If you will be absent because of illness you must notify your supervisor, within two hours starting time, on the day that you will be absent. You are to report your status and estimated date of return to your supervisor. Frequent absence or tardiness may result in disciplinary action or termination of employment.
 * * *
 * * * An absence for two (2) days without reporting to your supervisor will be considered a voluntary quit.
 {¶ 18} 8. The employer also produced evidence that relator had been given a copy of the employee handbook.
 {¶ 19} 9. Relator appealed from the DHO's order and the matter was heard before a staff hearing officer ("SHO") on August 15, 2006. Both relator and his counsel appeared and relator testified. However, no other evidence was presented on behalf of *Page 8 
relator. The SHO vacated the prior DHO's order and allowed relator's claim for certain conditions which the DHO had specifically disallowed. However, the SHO still denied relator TTD compensation for the following reasons:
 The Hearing Officer DENIES injured worker's request for payment of temporary total disability compensation as he is found to have voluntarily abandoned the work force. Pursuant to [State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.
(1995), 72 Ohio St.3d 401], the injured worker is not entitled to temporary total disability benefits because he was terminated from his employment on 5/17/06 due to violation of a written work policy that he was aware would result in his termination. The Hearing Officer relies upon the testimony of the employer regarding the singular off-work slip submitted to the employer which took injured worker off of work from 5/1/06 through 5/8/06. The Hearing Officer also relies upon the written work policy, specifically, Article III Section D, which indicates "Frequent absences or tardiness may result in disciplinary action or termination of employment." Under Article IV, Rules of Conduct, it clearly indicates an absence of (2) days without reporting to your supervisor will be considered a voluntary quit; Section N states: Failure to call in or report your intended absence and reason for absence within (2) hours after starting time; and Section U listed "Excessive tardiness or absenteeism. [sic]" as grounds for discipline. The Hearing Officer relies upon injured worker's signature on the acknowledgement card, 12/6/05, which indicates that he is aware of the information in the Employee Manual. Finally, the Hearing Officer relies upon the termination report, signed and dated, 5/17/06, which indicates injured worker's last day worked was 5/10/06, and he failed to report for work on 5/11, 5/12, 5/15, 5/16, and 5/17, without contacting his supervisor. It also indicates this was injured worker's seventh offense and he had a verbal warning (2) times previously.
 The Hearing Officer does not find injured worker's testimony persuasive that he had, in fact, contacted the employer. The employer's file did not have any other off-work slips. Injured worker indicated that he "had copies of documents submitted to the employer", however, did not bring anything with him to today's hearing. *Page 9 
 Therefore, the Hearing Officer finds the preponderance of the evidence supports that injured worker is found to have voluntarily abandoned the work force and temporary total disability benefits are DENIED.
(Emphasis sic.)
 {¶ 20} 10. Relator appealed and for the first time presented evidence to show that he was disabled and unable to work at the time he was discharged.
 {¶ 21} 11. Relator's further appeal was refused by order of the commission mailed September 14, 2006.
 {¶ 22} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165. *Page 10 
 {¶ 24} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached maximum medical improvement. See R.C. 4123.56(A); State ex rel. Ramirez v. Indus.Comm. (1982), 69 Ohio St.2d 630.
 {¶ 25} It is undisputed that voluntary abandonment of the former position of employment can preclude payment of TTD compensation.State ex rel. Rockwell Internatl. v. Indus. Comm. (1988),40 Ohio St.3d 44. In State ex rel. Watts v. Schottenstein Stores Corp. (1993),68 Ohio St.3d 118, 121, the court stated as follows:
 * * * [F]iring can constitute a voluntary abandonment of the former position of employment. Although not generally consented to, discharge, like incarceration, is often a consequence of behavior that the claimant willingly undertook, and may thus take on a voluntary character. * * *
 {¶ 26} In State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.
(1995), 72 Ohio St.3d 401, the court characterized a firing as "voluntary" where that firing is generated by the employee's violation of a written work rule or policy which: (1) clearly defined the prohibited conduct; (2) had been previously identified by the employer as a dischargeable offense; and (3) was known or should have been known to the employee.
 {¶ 27} In this mandamus action, relator concedes that he did not present evidence at the hearings before either the DHO or SHO which would have shown that *Page 11 
his treating physician had opined that he was temporarily totally disabled and unable to return to his former position of employment due to the allowed conditions. Relator contends that the employer should have had those documents in its records and should have presented them at the hearing. Relator did submit copies of medical documentation in an attempt to show that he was unable to work during the relevant time period at issue in his appeal to the full commission from the SHO's order denying him TTD compensation. However, an appeal from an SHO order is discretionary and the commission is under no obligation to consider evidence that was filed after the SHO hearing, especially where that evidence is not identified as newly discovered evidence. Further, relator did not show that this evidence was newly discovered and that he could not have discovered it by due diligence. Relator's testimony that he had the documents but failed to bring them to the hearing before the SHO negates his argument that the evidence was newly discovered. The commission has discretion whether to accept or reject evidence submitted after a hearing. State ex rel. Cordray v. Indus. Comm. (1990),54 Ohio St.3d 99.
 {¶ 28} In the present case, the commission explained in its order that relator had submitted medical slips which took him off work from May 1 through May 8, 2006. Further, the SHO relied upon the evidence submitted by the employer that relator worked on May 10, 2006. Thereafter, relator failed to report for work beginning May 11, 2006 and, for that reason, he was terminated.
 {¶ 29} In his reply brief, relator argues, for the first time, that because he was truly disabled at the time he was discharged, he is still eligible for TTD compensation pursuant to State ex rel. Pretty Products,Inc. v. Indus. Comm. (1996), 77 Ohio St.3d 5. *Page 12 
First, this court is not required to address this issue since relator failed to raise it below. State ex rel. Quarto Mining Co. v.Foreman (1997), 79 Ohio St.3d 78. Second, the question of whether relator's tendered evidence is sufficient to establish that he was actually disabled at the time he was terminated is a question of fact which could only have been addressed at the SHO hearing. Third, relator simply failed to present his evidence timely and the issue never came before the commission.
 {¶ 30} In the present case, relator failed to submit sufficient evidence demonstrating that he was entitled to TTD compensation. The commission relied upon the evidence submitted by the employer and determined that relator had voluntarily abandoned his employment when he failed to call in or report to work as required by the written handbook. The employer met its burden of proof under Louisiana-Pacific, and the commission cited the evidence upon which it relied and provided a brief explanation. As such, the magistrate finds that relator has not demonstrated the commission abused its discretion in denying his application for TTD compensation and this court should deny his request for a writ of mandamus. *Page 1