THE STATE EX REL. SCHLEGEL, APPELLANT, *v.* STYKEMAIN PONTIAC BUICK GMC, LTD., ET AL., APPELLEES.

[Cite as *State ex rel. Schlegel v. Stykemain Pontiac Buick GMC, Ltd.*, 120 Ohio St.3d 43, 2008-Ohio-5303.]

(No. 2007–1757—Submitted August 26, 2008—Decided October 21, 2008.)

Per Curiam.

{¶ 1} At issue once again is the temporary total disability compensation eligibility of a claimant who was discharged from his position of employment. Ultimately, however, we decide this case on procedural, not substantive, grounds and affirm the court of appeals' judgment.

{¶ 2} Appellant, Brian P. Schlegel, was hired by appellee Stykemain Pontiac Buick GMC, Ltd., on December 15, 2005. Stykemain's attendance policy provided:

{¶ 3} "Regular attendance by all employees is mandatory. You, as an employee, must notify your supervisor immediately if you are unable to report to work as assigned. You are to give notice as far in advance as possible for your absence to be an excused absence. If you will be absent because of illness you must notify your supervisor, within two hours [of] starting time, on the day that you will be absent. You are to report your status and estimated date of return to your supervisor. Frequent absence or tardiness may result in disciplinary action or termination of employment.

{¶ 4} " * * *

{¶ 5} " * * * An absence for two (2) days without reporting to your supervisor will be considered a voluntary quit."

{¶ 6} Schlegel does not dispute that within the first six months of his employment, he violated this policy six times, prompting two verbal warnings.

{¶ 7} Schlegel was injured at work on January 25, 2006, and missed work intermittently thereafter for reasons that are not always clear from the record. The absence at the heart of this dispute occurred in May 2006. A May 1, 2006 note from Schlegel's chiropractor certified that Schlegel was unable to work from May 1, 2006, through May 7, 2006. Schlegel worked on May 10, but never returned after that day and, according to Stykemain, never called in or submitted evidence of continuing disability. Consequently, he was fired for violating the company's attendance policy.

{¶ 8} Schlegel later moved appellee Industrial Commission of Ohio for temporary total disability compensation. Before the staff hearing officer, Schlegel argued that he had contacted Stykemain and hence did not violate any work rule. He also indicated that he had other relevant evidence that he had not brought to the hearing.

{¶ 9} The staff hearing officer found that Schlegel's claim that he had contacted Stykemain was not credible. The hearing officer concluded that Schlegel had voluntarily abandoned his position of employment and could not receive temporary total disability compensation. Schlegel never argued to either the district or staff hearing officer that he was disabled at the time that he had been fired.

{¶ 10} Nevertheless, Schlegel appealed to the commission, seeking to submit the aforementioned evidence that he, for the first time, claimed established his disability from May 11 through the date of firing. That appeal, however, was refused.

{¶ 11} Schlegel filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in finding that he had voluntarily abandoned his job and in denying him temporary total disability compensation. The magistrate recommended that the writ be denied, making three relevant findings: (1) the commission's determination of voluntary abandonment was supported by the evidence, (2) there was no abuse of discretion in the commission's refusal to accept Schlegel's appeal and to consider evidence that had been previously withheld, and (3) Schlegel's "contemporaneous disability" argument under *State ex rel. Pretty Prods., Inc. v. Indus. Comm.* (1996), 77 Ohio St.3d 5, 670 N.E.2d 466, need not be considered, because Schlegel had not raised it at the administrative level.

{¶ 12} The court of appeals adopted the magistrate's report in full, prompting Schlegel's appeal as of right to this court.

{¶ 13} Schlegel admits that he (1) violated the "no call—no show" rule six times in six months, resulting in two verbal warnings, (2) did not present evidence of

disability, which he possessed, to either the district hearing officer or the staff hearing officer, and (3) did not raise a *Pretty Prods.* argument at the administrative level. The magistrate's analysis is, therefore, sound, and the judgment of the court of appeals, which is based on that analysis, is hereby affirmed.

{¶ 14} The first point of the magistrate's analysis is relevant because it establishes a pattern of behavior on the part of Schlegel that amply supports the staff hearing officer's refusal to believe that Schlegel had contacted Stykemain during the period in question. This result left Schlegel unable to establish attendance-policy compliance and left him with only two alternatives for potentially preserving temporary total disability compensation eligibility: (1) to establish that Stykemain nevertheless knew the reason for his absence or (2) to establish that he actually had been disabled when he was discharged.

{¶ 15} As the magistrate points out, both arguments rely on evidence that was not considered during the administrative proceedings because of Schlegel's untimely submission. Schlegel acknowledges that he had this evidence at the time of both his district- and staff-level hearings. Inexplicably, he waited until after those two hearings to submit that evidence.

{¶ 16} Hearings before district and staff hearing officers are effectively as of right. A hearing before the commission is not. It is discretionary. R.C. 4123.511(E). So, too, is consideration of evidence submitted after a hearing. *State ex rel. Cordray v. Indus. Comm.* (1990), 54 Ohio St.3d 99, 561 N.E.2d 917; *State ex rel. Domjancic v. Indus. Comm.* (1994), 69 Ohio St.3d 693, 696–697, 635 N.E.2d 372. The magistrate reasoned that because the staff hearing officer was not required to review belatedly submitted evidence, the commission could not be compelled to grant Schlegel's appeal in order to consider it. The resultant absence of this evidence from the administrative record bars its consideration here.

{¶ 17} Because the record lacks this evidence, neither of Schlegel's arguments can succeed. As the magistrate also correctly observed, one of Schlegel's arguments is barred from judicial consideration irrespective of evidentiary problems. *Pretty Prods.* and *State ex rel. OmniSource Corp. v. Indus. Comm.*, 113 Ohio St.3d 303, 2007-Ohio-1951, 865 N.E.2d 41, indicate that a claimant who is temporarily and totally disabled when he is fired does not forfeit temporary total disability compensation eligibility. That argument, however, was not presented to the district hearing officer or staff hearing officer, and under *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 679 N.E.2d 706, a party's failure to raise an issue at the administrative level precludes the party from raising it before a reviewing court. Schlegel argues that *Quarto Mining's* holding should apply only to employers that failed to raise issues at the

administrative level, not claimants. He argues that R.C. 4123.95's liberal-construction provision compels this result. But he is wrong.

{¶ 18} R.C. 4123.95 instructs that R.C. Chapter 4123 shall be interpreted liberally in favor of employees. The principle of issue waiver, however, does not derive from R.C. Chapter 4123. The principle instead derives from notions of fundamental fairness that have existed for decades.

{¶ 19} Ironically, the employer in *Quarto Mining* sought to relax this tenet as well, prompting us to respond that "there is nothing about the purpose of workers' compensation legislation or the character of the proceedings before the commission that would justify such action." Id., 79 Ohio St.3d at 81, 679 N.E.2d 706. Quoting Professor Larson's seminal treatise, we continued:

{¶ 20} " '[E]videntiary and procedural rules usually have an irreducible, hard core of necessary function that cannot be dispensed with in any orderly investigation of the merits of a case.' 2B Larson, Workmen's Compensation Law (1996) 15–4, Section 77A.10. Thus, 'when the rule whose relaxation is in question is more than a merely formal requirement and touches substantial rights of fair play, the relaxation is no more justified on a compensation appeal than on any other. *Such a rule is that forbidding the raising on appeal of an issue that has not been raised below * * *.*' (Emphasis added.) Id. at 15–101, 15–103, Section 77A.83." *Quarto Mining* at 82, 679 N.E.2d 706.

{¶ 21} There is no justification for holding employers to this rule while exempting claimants. Schlegel did not raise the *Pretty Prods.* argument during the administrative proceedings and is barred from doing so now.

{¶ 22} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————————

Williams & Reynolds and Brian R. Williams, for appellant.

Eastman & Smith, Ltd., Mark A. Shaw, and Richard L. Johnson, for appellee Stykemain Pontiac Buick GMC, Ltd.

Nancy Hardin Rogers, Attorney General, and Andrew J. Alatis, Assistant Attorney General, for appellee Industrial Commission.