MELODY J. STEWART, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 {¶ 36} I agree that The Willows has standing to represent Tiggs in this administrative appeal and concur with that portion of the majority opinion.
 

 {¶ 37} I disagree that we lack jurisdiction under R.C. 119.12(N) to consider the second and third assignments of error in this appeal. The agency has the right to appeal questions of law, and the issue framed by the majority - that "appellant argues that the trial court wrongly concluded that [the agency] had an obligation under Ohio Adm.Code 5160:1-2-01(F)(5) to determine whether someone was available to assist Tiggs in accessing his life insurance policy" - invokes the interpretation of an administrative rule. Majority Opinion at ¶ 29. Ohio Adm.Code 5160:1-2-01(F)(5) requires the agency to assist with accessing verifications for Medicaid eligibility only if, among other things, the person seeking benefits "does not have a court-appointed guardian or a person with other legal authority and obligation to act on behalf of the individual[.]" The parties agree that Tiggs had a court-appointed guardian over his person. The question raised by Tiggs was whether the agency had the obligation to assist him when it was made aware that his legal guardian was unable to access the life insurance policy. This is a question of law that is appealable under R.C. 119.12(N).
 

 {¶ 38} Apart from the court of common pleas' interpretation of an administrative rule being appealable, this appeal should go forward because the court of common pleas decision fails to address, consistent with the agency's argument, whether Tiggs waived the Ohio Adm.Code 5160:1-2-01(F)(5) issue by failing to raise it in the state hearing (he raised the issue for the first time, in a single sentence, at the end of his reply brief filed in the court of common pleas). It is well established that the failure to raise an issue at the state hearing level waives the issue on appeal to the court of common pleas.
 
 See
 

 State ex rel. Schlegel v. Stykemain Pontiac Buick GMC, Ltd.
 
 ,
 
 120 Ohio St.3d 43
 
 ,
 
 2008-Ohio-5303
 
 ,
 
 896 N.E.2d 143
 
 , ¶ 17-18, citing
 
 State ex rel. Quarto Mining Co. v. Foreman
 
 ,
 
 79 Ohio St.3d 78
 
 ,
 
 679 N.E.2d 706
 
 (1997) ;
 
 Mulhausen v. Ohio Counselor, Social Worker & Marriage & Family Therapist Bd.
 
 , 8th Dist. Cuyahoga No. 88776,
 
 2007-Ohio-3917
 
 ,
 
 2007 WL 2205342
 
 , ¶ 14. The majority's narrow application of R.C. 119.12(N) bars the agency from seeking review of whether the common pleas court erred by ignoring Tiggs's failure to raise the Ohio Adm.Code 5160:1-2-01(F)(5) issue. In these circumstances, this, too, is a question of law that can be decided under R.C. 119.12(N).