[Cite as *Demas v. State Med. Bd. of Ohio*, 2019-Ohio-2932.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher L. Demas, M.D., | : | |
| Appellant-Appellant, | : | |
| | | No. 18AP-978 |
| v. | : | (C.P.C. No. 18CV-6433) |
| State Medical Board of Ohio, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on July 18, 2019

**On brief:** *Dinsmore & Shohl LLP, Eric J. Plinke, Daniel S. Zinsmaster,* and *Justin M. Burns,* for appellant. **Argued:** *Justin M. Burns.*

**On brief:** *Dave Yost,* Attorney General, and *Kyle C. Wilcox,* for appellee. **Argued:** *Kyle C. Wilcox.*

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Initially after Christopher Lou Demas, a medical doctor, was convicted of seven felony counts of forgery, the State Medical Board of Ohio did not permanently strip him of his license. Rather, the board suspended him from the practice of medicine for a period that ran from June 8, 2013 to September 10, 2014.

{¶ 2} It was only after the board found him to have circumvented that suspension by practicing in the name of others that it permanently revoked his practice certificate. On administrative appeal to the common pleas court, and as he had before the board, Dr. Demas did not contest the board's power to sanction him for this latest transgression, but argued that the permanent revocation was improper because it had been based on considerations of which he had not been given notice and that were contrary to stipulations

he had made with the board. Agreeing with that view, the common pleas court remanded the matter for further proceedings consistent with that rationale. In the next go-round, the board again determined that revocation was the appropriate sanction, and the common pleas court found that the board had followed its directives and upheld the administrative determination.

{¶ 3} Dr. Demas now appeals from the common pleas court's judgment. The somewhat more detailed procedural history that follows provides further context for our decision affirming the common pleas court's judgment that upheld the medical board's determination.

{¶ 4} After his various felony convictions for forgery, Dr. Demas wanted to "retain [his] solo family practice * * * during [the] suspension," so he engaged "several physicians * * * from various employment agencies" to keep his several-thousand-patient practice going until he sold it in October of 2013. Demas Affidavit at ¶ 9; Joint Stipulations at ¶ 7, 9. But during the summer of 2013, he "did not have 100% coverage" from those licensed, fill-in ("locum tenens") doctors. Demas Aff. at ¶ 15. He admits that during the June - August 2013 time period, he "prescribed medications to Patients 1 through 8 under the [pretense] that said prescriptions were authorized" by those other doctors, "when, in fact, no such authorization had been provided * * *." Joint Stipulations at ¶ 4 (admitting factual recitation from paragraphs 1-3 of December 9, 2015 Notice of Opportunity for Hearing); Dec. 9, 2015 Notice of Opportunity for Hearing at ¶ 3 (describing ruse); *see also, e.g.,* Demas Affidavit at ¶ 19 ("my staff called in or had prescriptions issued under my direction when the patient had not been seen by the [contract] physicians and when [those] physicians had not authorized the prescription").

{¶ 5} The state medical board did not view this conduct kindly. After reciting the key facts as then alleged (and later admitted), the board's Notice of December 9, 2015 advised Dr. Demas that by undertaking these actions while his license was suspended, he had violated the conditions of his suspension and practiced medicine without a certificate. Notice of Opportunity for Hearing at 1. The board apprised him of its intent to "determine whether or not to limit, revoke, permanently revoke, suspend, refuse to register or reinstate your certificate to practice medicine and surgery, or to reprimand you or place you on probation * * *." *Id.* The board also advised him of his right to appear in person, through

counsel, or by written submission at the hearing on the matter, and ended its Notice with further reference to potential permanent licensure revocation.  *Id.* at 2.

{¶ 6}   The board conducted its administrative hearing through a hearing examiner on August 25, 2016.  Dr. Demas did not appear in person, but was represented by counsel. Aug. 25, 2016 Hearing Proceedings at 5.  By agreement of the parties, subpoenas that had issued "to various witnesses," including Dr. Demas himself, were called off, the joint stipulation was submitted, and no live testimony was taken.  *Id.* at 6.  The state's lawyer began by expressing his understanding that, freed from factual dispute, the matter had become "a case of mitigation to make a determination" about what sanction was appropriate.  *Id.* at 7.   Dr. Demas, through counsel, agreed.  His lawyer concurred that, "[a]s noted by [the state's counsel] at the beginning of this case, the factual and legal allegations in this case are not in dispute."  *Id.* at 14.  She went on to say:  "We will ask for an appropriate sanction at the end of this case once all of the evidence has been introduced." *Id.* at 15.

{¶ 7}   After the introduction of records reflecting the suspended doctor's prescription of significant quantities of various psychiatric drugs and pain medications— including Xanax, diazepam, Valium, lorazepam, Ultram, and Vicodin, *see id.* at 23—the lawyers moved to closing arguments.  The state's lawyer characterized the position of Dr. Demas's counsel as being that "the facts are being stipulated to, the legal conclusions that he practiced medicine by doing this is not being contested, and the fact that he was under consent order * * * was also violated."  *Id.* at 31-32. He argued that, especially in light of the board already having given the doctor "a second chance," Dr. Demas's license should be revoked.  *Id.* at 33.

{¶ 8}   Dr. Demas's lawyer argued in mitigation that "there [had] not been any patient harm," and that most of the specified misattributed prescriptions "were refills of prescriptions" previously prescribed by authorized doctors.  *Id.* at 34-35.  "[T]he Board has alleged a violation of [Dr. Demas's] suspension order," she noted.  "I think it was not done for malicious intent, it was not done to harm the patients, it was not done for financial gain": she asked for a sanction that would require "some sort of continuing education coursework on prescribing," but that would "give Dr. Demas an opportunity to return to the practice of medicine."  *Id.* at 35.

{¶ 9}    The hearing examiner did not agree that mandating additional course work was a sufficient response.  Noting that, "[t]here is no dispute that, by issuing or authorizing the eight prescriptions identified in this case, Dr. Demas engaged in the practice of medicine without a certificate and violated the Board's May 2013 Order," he recommended that Dr. Demas's medical license be "PERMANENTLY REVOKED." Oct. 3, 2016 Report and Recommendation at 8.

{¶ 10} Dr. Demas objected to the proposed sanction.  He filed his objections with the board, saying that he:  "opposes the recommendation of the Hearing Examiner and respectfully requests that the State Medical Board of Ohio * * * *issue an alternative sanction* that will allow Dr. Demas to retain his Ohio medical license."  October 14, 2016 Objections to Report and Recommendation at 1 (emphasis added; further arguing that "[t]he harsh sanction * * * is not supported by the evidence and is not warranted as this case does not involve harm to patients or substandard patient care").  The doctor already "has paid dearly for his errors," his counsel submitted:  "I am writing to respectfully request that the Board impose a sanction that will allow Dr. Demas to retain his medical license." *Id.* at 4.

{¶ 11} Despite Dr. Demas's plea for leniency, the board permanently revoked his medical license through an order issued November 9, 2016.  Dr. Demas appealed to the common pleas court, advancing one assignment of error:  the board's order was contrary to law, he argued, "because Dr. Demas was disciplined based upon charges or reasons not included in the notice of opportunity for hearing."  Jan. 30, 2017 Brief of Appellant Christopher L. Demas, M.D. at v (administrative appeal to common pleas court).  His administrative appeal conceded that the board's notice had alleged that he had practiced medicine without a certificate, and it also noted the factual stipulations, but it urged reversal or modification of the permanent licensure revocation because the board in its sanction deliberations had looked to standard of care issues involving patient harm even though "legal counsel for the Board had stipulated at hearing that '[n]o harm came to any patient as a result of the prescriptions in question.' " *Id.* at 1, 8.

{¶ 12} Consistent with his lawyer's mitigation presentation to the board, Dr. Demas emphasized to the common pleas court in his administrative appeal that he was not contesting the board's authority to discipline him for practicing without a license; rather,

he argued, the particular sanction imposed was inappropriate as influenced by extraneous standard of care/patient harm issues that had not been flagged in the hearing notice. "*To be clear*," he told the court, "*it has not been argued that the Board was without ability to seek discipline against Dr. Demas.*  Rather, Dr. Demas has brought to the Court's attention the impropriety of the Board's discipline for reasons involving standard of care or patient harm when, in fact, the 119.07 Notice did not charge or notify him of such."  Feb. 17, 2017 Reply Brief of Appellant, Christopher L. Demas, M.D., at 6 (emphasis added).

{¶ 13}  The common pleas court accepted that argument.  Reviewing the matter's history, the court correctly characterized the doctor's objections to the hearing examiner's report and recommendation:  "While [he] admitted the violations [of practicing without a certificate and breaching the terms of the 2013 suspension], Dr. Demas asserted that his license should not be permanently revoked because 'this case does not involve harm to patients or substandard patient care.' "  June 25, 2018 Decision and Judgment Entry Reversing the Nov. 9, 2016 Order of the State Medical Board of Ohio at 3.  The court then quoted extensively from the board's sanctions discussion and turned to the lone assignment of error.  *Id.* at 4-7.  Because "the Board cannot stipulate at the hearing that no harm occurred to patients, and thereafter make contrary findings when imposing discipline," the court reversed the permanent revocation order and remanded the matter to the board for further proceedings "consistent with [the] court's decision."  *Id.* at 12, 13.  The court underscored, however, that "[i]t is not the holding of this court * * * that the Medical Board abused its discretion in imposing [some] sanction upon Appellant given Appellant's agreement to the charges contained in the Notice."  *Id.* at 13.

{¶ 14} Pursuant to the common pleas court's instructions, the board reconsidered the appropriate sanction and again (on a 7-0 vote, with four abstentions) permanently revoked Dr. Demas's license to practice medicine.  July 11, 2018 board Order and Entry; excerpt from minutes of July 11, 2018 board meeting on Remand in the Matter of Christopher Lou Demas, M.D.  Board minutes reflect that deliberations were prefaced by a reminder that the board could not consider standard of care considerations and had to "honor the stipulations entered at the hearing."  July 11, 2018 excerpt from minutes at 24372.  Board member Dr. Schottenstein observed that attempts to circumvent board-ordered suspensions can prompt "the break-down of [the] public's trust in the profession"

and absent significant sanction could erode the board's "ability to maintain the competence and ethical standards of its practitioners"; he also detailed the "multiple aggravating factors" that weighed against Dr. Demas, including the history of earlier disciplinary action and the "multiple violations." *Id.*  Board member Dr. Factora commented on the "fraud" of writing prescriptions without a license, arguing that the type of medications admittedly prescribed made the case especially concerning.  Reminded that the case was "not about minimal standards of care or fraud issues," he stated that "the type of practice that Dr. Demas conducted while his license was suspended * * * helps show the severity of his actions." *Id.* at 24373.

{¶ 15} Dr. Demas again appealed the board's license revocation determination to the common pleas court.  This time, and for the first time in any proceeding involving the matter, he argued among other things that his conduct had not constituted the unauthorized practice of medicine as statutorily defined because he was not shown to have received compensation for the specific activities at issue.  *See* Nov. 20, 2018 Decision and Judgment Entry Affirming the July 11, 2018 Order of the State Medical Board of Ohio at 12 ("Dr. Demas * * * now argues for the very first time that the Hearing Examiner's and Board's findings are not based upon reliable, probative or substantial evidence and are not in accordance with law because the record contains no evidence that Dr. Demas received any compensation").  Noting that the doctor "did not preserve this issue for appeal by raising it at the adjudicatory hearing [at which his counsel had termed the "legal allegations * * * not in dispute," *see id.* at 11] or in his objections to the Board" from the hearing examiner's findings of fact, conclusions of law, and recommendation, and also remarking that he had not raised the issue in his first, single-assignment-of-error appeal to the common pleas court, the common pleas court held that the doctor had waived the issue.  *Id.* at 12-13.  The court further said that its first decision had already "held that the Medical Board did not abuse its discretion in imposing [some] sanction upon Appellant given Appellant's agreement to the charges contained in the Notice and stipulation to the facts." *Id.* at 4.

{¶ 16} The common pleas court also dispensed with other arguments put forth by Dr. Demas, finding that: the board was not required to reconstitute itself with new members in order to conduct the further proceedings that had been ordered on remand, *id.* at 7; the board had "complied with the Court's instructions" on remand by reconsidering the

sanction in keeping with the stipulations, and that there had been no need for it to reconsider the (then unchallenged) findings of fact and conclusions of law as set forth by the hearing examiner, *id.* at 8; the board's sanction reconsideration had not relied on standard of care issues, and that consistent with law and the presumption of regularity, the board had authority to rely on its own knowledge and judgments in making the sanction determination, *id.* at 9-10; Dr. Demas had stipulated to prescribing medications to specified patients during the time his license was suspended, and that he therefore was precluded from arguing that he merely had fallen victim to renegade staff, *id.* at 13; and the court was not empowered to modify the board-imposed sanction because it was authorized by law for the violation at issue, *id.* at 13-14 (citing *Demint v. State Med. Bd.*, 10th Dist. No. 15AP-456, 2016-Ohio-3531, ¶ 63, citing *Henry's Cafe, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959), paragraphs two and three of the syllabus).

{¶ 17} The common pleas court therefore affirmed the board's permanent license revocation order as supported by reliable, probative and substantial evidence and in accordance with law. *Id.* at 14. Dr. Demas now has appealed to this court, arguing that the common pleas court erred in affirming the revocation of his license because (first) the board's proceedings violated his due process rights, and (second) he had not waived the argument that he had not been engaged in the practice of medicine during the time of his suspension and the board lacked substantial, reliable, and probative evidence to show that he had practiced without a license.

{¶ 18} Under his first assignment of error, Dr. Demas makes a trio of due process arguments. None of them succeeds.

{¶ 19} He first takes issue with language in the board's order and entry saying that it issues "pursuant to the instructions of the Franklin County Court of Common Pleas [as more fully described to have directed against considering 'charges or reasons that were not included in the Board's Notice'] and upon consideration of the findings and conclusions made by this Board on November 9, 2016 * * *." *See* Aug. 2, 2018 board Order and Entry. Because the earlier board action had been reversed and remanded on due process grounds, he argues, reference to previously ascertained "findings and conclusions" automatically infected the subsequent determination and "ignored Judge Schneider's order * * *." Appellant's Brief at 14.

{¶ 20} But that argument both ignores the context of the challenged phrase (which follows immediately upon language reflecting the board's understanding of the common pleas court's directive to reconsider the sanction without regard to standard of care/patient harm concerns) and misses the point that Dr. Demas even at that stage had not objected to or contested the hearing examiner's findings of fact and conclusions of law as originally considered in 2016; the referenced 2016 board order had explicitly approved and confirmed the unchallenged "Report and Recommendation of R. Gregory Porter, Esq., State Medical Board Hearing Examiner," *see* Nov. 9, 2016 Entry of Order. As the common pleas court noted in upholding the 2018 board order, and contrary to Dr. Demas's premise, in its first ruling, the common pleas court "did not find that the specific written findings of facts and conclusions of law of the Hearing Examiner and the Board were improper or were not based upon substantial, reliable and probative evidence," or that no sanction was warranted. Nov. 20, 2018 Decision and Judgment at 8. So rather than conclude that its earlier ruling had been "ignored," the common pleas court quite properly held that a "review of the 2018 Order and minutes from the Board's July 11, 2018 meeting reveal that the Board complied with the Court's instructions. There was no denial of Appellant's due process rights" through the 'findings and conclusions' reference. *Id.*

{¶ 21} Dr. Demas's next argument is no more persuasive. He submits that Ohio's statute establishing the composition of the state medical board is "unconstitutional" in this application because many of the same board members who had participated in 2016 had voted again in 2018, after the matter had been remanded from the common pleas court with instructions to engage in further proceedings as to the appropriate sanction. *See* Appellant's Brief at 16-22. Although Revised Code 4731.01 fixes the number and composition of the board membership (providing for 12 members who hold office until the end of the defined terms for which they have been appointed), he suggests that the state could "decide to increase the Board's size," and "[t]here is certainly no financial impediment" that Dr. Demas can discern "to recruiting, training, and selecting new Board Members." *Id.* at 21.

{¶ 22} The doctor is of course free to make his suggestions and offer his fiscal observations to the legislature, but he cites not one whit of authority anywhere close to the proposition that a matter along these lines may not be remanded to an administrative body

that was found to have erred in the first instance. The Supreme Court of Ohio itself has remanded disciplinary matters to the board for reconsideration of sanctions after finding that initial determinations were not in accordance with law. *See, e.g., Brost v. State Med. Bd. of Ohio*, 62 Ohio St.3d 218, 221 (1991). Moreover, Dr. Demas claims no parallel to his construct in the court systems that are charged with protecting due process rights. And his argument that "[t]here is no telling how many of these Members were tainted by their prior unconstitutional discussions," Appellant's Brief at 19, does not trump the well-established " 'presumption of honesty and integrity on the part of an administrative body [that] exists, absent a showing to the contrary.' " *McRae v. State Med. Bd. of Ohio*, 10th Dist. No. 13AP-526, 2014-Ohio-667, ¶ 42, quoting *Bharmota v. State Med. Bd. of Ohio*, 10th Dist. No. 93AP-630, 1993 Ohio App. LEXIS 5858 (Dec. 7, 1993), citing *Ohio State Bd. of Pharmacy v. Poppe*, 48 Ohio App.3d 222, 229 (12th Dist.1988).

{¶ 23} As a third prong of his due process argument, Dr. Demas seizes upon one deliberating board member's use of the word "fraud" to describe the doctor's admitted conduct in using the names of physicians who actually held licenses but who had not in fact authorized the prescriptions that he caused to be ordered in their names. Appellant's Brief at 23-25. Because "fraud was not contained in the Notice," he urges, the board's second order suffered from the same defect as its first. *Id.* at 24.

{¶ 24} We are not in a position to gainsay the assessment of the common pleas court that the comment related not to some new, previously undisclosed charge but to the conduct in which Dr. Demas engaged "[b]y his own admission," and that the medical board could appropriately find constituted severe misconduct under the circumstances. *See* Nov. 20, 2018 Decision and Judgment Entry at 10. Dr. Demas concedes that the board member later stated that he was "not discussing minimum standards of care" issues. *See* Appellant's Brief at 24. And while the word "fraud" was not found in the hearing notice, *see id.*, the notice did recite that "you prescribed medications to Patients 1 through 8 * * * under the auspices that said prescriptions were authorized by locum tenens doctors working at your medical practice when, in fact, no such authorization had been provided by the locum tenens doctors." Dec. 9, 2015 Notice of Opportunity for Hearing, item (3).

{¶ 25} The colloquial characterization used by one member during the board's discussion would not have given the court warrant to overturn its licensure determination.

*See, e.g., Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993) ("In an appeal from a medical board's order, a reviewing trial court is bound to uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law"); *compare Gladieux v. Ohio State Med. Bd.*, 133 Ohio App.3d 465, 470 (10th Dist.1999) ("An appellate court's review is even more limited than the common pleas court['s]. The standard is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative and substantial evidence * * *. When reviewing a medical board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession").

{¶ 26} We overrule Dr. Demas's first assignment of error, finding no merit to his tripartite "due process" argument.

{¶ 27} As for Dr. Demas's second assignment of error, it is far too late in the day for the doctor to contest the merits of the board's finding that he engaged in the sanctionable conduct of unauthorized practice of medicine. To recap:

- Dr. Demas's lawyer told the board that "the factual and legal allegations in this case are not in dispute." Aug. 25, 2016 Hearing Proceedings at 14. And Dr. Demas's position as his counsel expressed it was that Dr. Demas was "ask[ing] for an appropriate sanction." *Id.* at 15. Indeed, Dr. Demas's lawyer then did request a sanction to include "some sort of continuing education coursework on prescribing," but that would "give Dr. Demas an opportunity to return to the practice of medicine." *Id.* at 35. The explicit and repeated requests for non-permanent sanctions, made not in the alternative but as the first line of defense, naturally presupposed and again conceded that the doctor had engaged in the unauthorized practice of medicine (consistent with that legal allegation being "not in dispute").

- Then, after the hearing examiner recommended permanent revocation, Dr. Demas filed objections with the board in which he "respectfully request[ed] that the [board] * * * issue an alternative sanction * * *." Oct. 14, 2016 Objections to Report and Recommendation at 1. That filing by his counsel closed by again beseeching the board to "impose a sanction that will allow Dr. Demas to retain his medical license." *Id.* at 4. Again, that is, the

inevitability of some sanction was conceded (because no administrative challenge was made to the finding that the doctor had practiced medicine while his certificate was suspended).

- When Dr. Demas appealed in the first instance to the common pleas court, his quarrel remained with the particular sanction imposed, and not with the (previously conceded) conclusion that he had practiced medicine without a license. "To be clear," his brief underscored to the court, "it has not been argued [in either venue] that the Board was without ability to seek discipline against Dr. Demas." Feb. 17, 2017 Reply Brief of Appellant, Christopher L. Demas, M.D. at 6.

- The common pleas court accepted this position and observed that Dr. Demas "admitted the violations." June 25, 2018 Decision and Judgment Entry Reversing the Nov. 9, 2016 Order of the State Medical Board of Ohio at 3 (remanding on sanctions determination while also emphasizing, *id.* at 13, that "[i]t is not the holding of this court * * * that the Medical Board abused its discretion in imposing [some] sanction upon Appellant given Appellant's agreement to the charges contained in the Notice").

{¶ 28} Instructed to proceed "consistent with [the common pleas court's] decision," *id.* at 13, the board likely was not in a position to reassess the merits of the already determined unauthorized practice finding even had it wanted to. *See, e.g.,* Nov. 20, 2018 Decision and Judgment Entry Affirming the July 11, 2018 Order of the State Medical Board of Ohio at 4 (common pleas court recites that its earlier decision had "held that the Medical Board did <u>not</u> abuse its discretion in imposing [some] sanction upon Appellant given Appellant's agreement to the charges * * *"); *compare Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) (outlining general principles of law of the case doctrine, which "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels * * *. [C]onsidered to be a rule of practice rather than a binding rule of substantive law * * * * the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure" of court review).

{¶ 29} In any event, Dr. Demas had the opportunity to dispute the unauthorized practice allegations before the board, and (as shown, for example, by his limited objections to the hearing examiner's recommendations) he admitted them rather than contesting them. Nor did he dispute the unauthorized practice finding in his first appeal to the common pleas court. Whether evaluated under the rubric of res judicata, failure to exhaust administrative remedies, or waiver (to use the common pleas court's term)—and different of these formulations would apply as to different stages of the process—the result is the same: the unauthorized practice determination stands. *See, e.g., State ex rel. Schlegal v. Stykemain Pontiac Buick GMC, Ltd.*, 120 Ohio St.3d 43, 45, 2008-Ohio-5303 ("a party's failure to raise an issue at the administrative level precludes the party from raising it before [the] reviewing court," citing *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78 (1997) ); *Edmands v. State Med. Bd. of Ohio*, 10th Dist. No. 14AP-778, 2015-Ohio-2658, ¶ 18 ("An administrative hearing provides a forum for a party to raise legal and factual arguments propounding why an agency should not take the proposed action against the party * * *. '[T]he failure to present an argument usually constitutes waiver of that argument' on appeal * * *. As a general matter, '[a]llowing a claimant to raise an issue for the first time in an appeal to the court of common pleas would frustrate the statutory system for having issues raised and decided through the administrative process,' " quoting *Jain v. Ohio State Med. Bd.*, 10th Dist. No. 09AP-1180, 2010-Ohio-2855, ¶ 10; other internal citations omitted); *compare In re Lima Mem. Hosp.*, 111 Ohio App.3d 225, 229 (10th Dist.1996) ("doctrines of *res judicata* and collateral estoppel preclude relitigation of claims or issues which * * * could have been litigated in a prior action. Both doctrines are applicable to administrative hearings of a quasi-judicial nature. Administrative proceedings are deemed quasi-judicial if notice, a hearing and an opportunity to introduce evidence are afforded") (citations omitted).

{¶ 30} If there once was a point at which Dr. Demas could have attempted his argument that the perhaps inartful wording of joint stipulation 3 ("Dr. Demas has not practiced medicine since 2013, when his Ohio medical license was suspended"), unmoored from the context of the case and the rest of the stipulations, concluded the matter in his favor on the merits, *see* Appellant's Reply Brief at 10, that point was past after he took the position at the administrative hearing that the legal allegations against him were not in

dispute and agreed that sanction of some sort was in order. It was well past after he did not challenge to the board the hearing examiner's finding that he had engaged in "Practicing Medicine Without a Certificate" and had violated the terms of his suspension. *See* Oct. 3, 2016 Report and Recommendation at 7-8, Conclusions of Law (1) and (2). And it retained not a glimmer of possibility once he failed to make the argument on his initial appeal to the common pleas court.

{¶ 31} Because Dr. Demas's strategy rendered the legal allegations against him "not in dispute" and because he repeatedly conceded that some sanction was in order, we need not reach any question, for example, of whether actions undertaken to maintain the value of a medical practice could appropriately be viewed as generating the sort of "compensation" that Dr. Demas now observes is an essential component of practicing medicine without a license. *See* Appellant's Brief at 27-31.

{¶ 32} Dr. Demas's last argument—that his stipulations did not rule out the possibility that renegade staff acted without his "express authority" in ordering prescriptions, *see* Appellant's Brief at 39—again is unavailing because early on he conceded the conduct alleged against him, opting to argue only for leniency. It also fails as flatly contradicted by the text of his stipulations themselves. Joint Stipulation 5 recited that "Dr. Demas admits that for the eight prescriptions referenced in the Notice that under his direction his staff called in or had prescriptions issued * * * under the name of a Locum Tenens physician, despite the fact that the patients were not examined by the Locum Tenens physicians and despite the fact that the Locum Tenens physicians did not authorize the prescriptions or refills." And Joint Stipulation 7 was, if anything, a bit crisper: "Dr. Demas admits that under his direction, that his staff called in or had prescriptions issued to the eight patients in question without the explicit approval and authority of the Locum Tenens physicians, during the time period that his license was suspended." Dr. Demas adds length but no weight to his brief by now condemning his staff as somehow "not acting on Dr. Demas's behalf." Appellant's Brief at 40.

{¶ 33} The common pleas court did not err in finding that Dr. Demas "waived" and did not preserve for appeal any argument that he did not in fact engage in the unauthorized practice of medicine. *See* Nov. 20, 2018 Decision and Judgment Entry at 12-13. It did not err in finding that "the July 11, 2018 Entry of Order of the State Medical Board of Ohio is

supported by reliable, probative and substantial evidence and is in accordance with law." *Id.* at 14. And it did not err in finding that because "the Board's sanction of permanent suspension of appellant's license is authorized by law, * * * [the] Court cannot modify the penalty imposed." We overrule Dr. Demas's second assignment of error.

{¶ 34} Having overruled both of Dr. Demas's assignments of error, we affirm the judgment of the common pleas court that upheld the state medical board's permanent revocation of the doctor's certificate to practice medicine in Ohio.

*Judgment affirmed.*

BRUNNER and BEATTY BLUNT, JJ., concur.