[Cite as *Broaddus v. Ohio Dept. of Job & Family Servs.*, 2024-Ohio-1205.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KAREN BROADDUS

    Appellant

    v.

DIRECTOR, OHIO DEPARTMENT OF
JOBS AND FAMILY SERVICES, et al.

    Appellees

C.A. No.    30680

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2022-07-2287

DECISION AND JOURNAL ENTRY

Dated: March 29, 2024

---

STEVENSON, Judge.

{¶1}	Appellant Karen Broaddus appeals from the judgment of the Summit County Court of Common Pleas affirming the decision of the State of Ohio Unemployment Compensation Review Commission ("Review Commission"). The Review Commission held that Ms. Broaddus is ineligible for unemployment benefits for the period between academic terms as she was employed for an educational institution during the spring 2020 term and had reasonable assurance of employment for the fall 2020 term. The trial court affirmed this decision and Ms. Broaddus appealed. For the reasons below, we affirm.

I.

**Factual Background**

{¶2}	Akron City School District (the "School District") employed Ms. Broaddus as a teaching assistant during the 2019-2020 school year. Because of the COVID-19 pandemic, Ms.

Broaddus stopped working in March, 2020. Even though Ms. Broaddus stopped working, the School District paid her through June 4, 2020, which was the end of the 2019-2020 school year.

{¶3} Before the end of the 2019-2020 school year, the School District sent Ms. Broaddus a letter stating that it intended to employ her in the same or similar capacity for the 2020-2021 school year. The letter acknowledged COVID-19 challenges and stated that, despite said challenges, "[t]his notification has been sent to you to inform you of reasonable assurance to return in the same or similar capacity when the school year resumes * * *." Because in-person instruction did not resume, the School District did not employ Ms. Broaddus in the 2020-2021 school year.

### Administrative Process and Findings

{¶4} Ms. Broaddus applied for unemployment compensation, claiming June 21, 2020 as her first week of unemployment. The Ohio Department of Job and Family Services ("ODJFS") issued a decision finding:

> from 06/21/2020 through 08/29/2020 the claimant was on a customary vacation or holiday recess from AKRON CITY BOARD OF EDUCATION; an educational institution. As a result, the claimant is not eligible for unemployment benefits for that period, per Ohio Revised Code Section 4141.29(I)(1)(c).

Ms. Broaddus received unemployment benefits for the week starting September 5, 2020 through September 4, 2021.

{¶5} Ms. Broaddus appealed, acknowledging ODJFS' reliance on R.C. 4141.29(I)(1)(c). Ms. Broaddus maintained in her appeal that she is entitled to retroactive unemployment benefits "from the Cares Act established because of the pandemic."

{¶6} ODJFS issued a redetermination affirming the prior decision. With respect to Ms. Broaddus' request for retroactive unemployment benefits, ODJFS found in its redetermination:

> effective 06/21/2020, the claimant has a contract or reasonable assurance of employment with an educational institution for the next academic year or term. As

a result, the claimant is ineligible for unemployment benefits for that period, per Ohio Revised Code Section 4141.29(I)(1)(a).

{¶7} Ms. Broaddus appealed the redetermination to the Director of ODJFS, again arguing that she is entitled to federal pandemic assistance. The Director transferred jurisdiction to the Review Commission who held a hearing on the appeal.

{¶8} The Review Commission hearing officer upheld ODJFS' decision. Ms. Broaddus filed a request for review, again arguing that she did not have reasonable assurance of employment for the 2020-2021 school year and that she was entitled to federal pandemic assistance. The Review Commission affirmed the hearing officer's decision and Ms. Broaddus appealed to the Summit County Court of Common Pleas.

### Trial Court Appeal

{¶9} Ms. Broaddus argued on her appeal to the trial court that because there was no reasonable assurance that she would be rehired for the 2020 – 2021 school year, she is entitled to retroactive unemployment benefits. Ms. Broaddus also argued for the first time that, even if she had reasonable assurance of continued employment, she is entitled to retroactive unemployment compensation benefits under R.C. 4141.29(I)(1)(b) because she was a nonprofessional employee and did not have an opportunity to perform services for the School District in the 2020 – 2021 school year.

{¶10} The trial court affirmed the Review Commission's decision and dismissed Ms. Broaddus' appeal. The trial court found that Ms. Broaddus' arguments are without merit and that the Review Commission's decision is not unlawful, unreasonable, or against the manifest weight of the evidence. Ms. Broaddus appeals the trial court's judgment, asserting one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

**THE DECISION OF THE UCRC UPHOLDING THE HEARING OFFICER'S DECISION WAS UNLAWFUL AND UNREASONABLE BECAUSE IT APPLIED THE WRONG PROVISION OF THE OHIO REVISED CODE.**

{¶11} Ms. Broaddus argues that the Review Commission's decision affirming the denial of her request for retroactive unemployment compensation was unlawful and unreasonable because it applied the wrong provision of the Ohio Revised Code. Because we conclude that Ms. Broaddus waived the argument that she was employed in a noninstructional position and that R.C. 41241.29(I)(1)(b) applies, this assignment of error is overruled.

**Scope of Review – R.C. 4141.282 Appeal**

{¶12} Ms. Broaddus' appeal to the trial court was filed pursuant to R.C. 4141.282. R.C. 4141.282(H) does not distinguish between the scope of review of a common pleas court and that of an appellate court with respect to Review Commission decisions. Pursuant to R.C. 4141.282(H), the Review Commission's decision shall be affirmed unless "the court finds that the decision * * * was unlawful, unreasonable, or against the manifest weight of the evidence, [then] it shall reverse, vacate, or modify the decision, or remand the matter to the commission."

{¶13} The Ohio Supreme Court recognizes that there is no distinction between the scope of review of common pleas and appellate courts under the unemployment compensation statute. *Tzangas, Plakas & Mannos v. Admr., Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 696-697 (1995); *Irvine v. State of Ohio, Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18 (1985). Therefore, this Court "may only reverse an unemployment compensation eligibility decision by the Review Commission if the decision is unlawful, unreasonable, or against the manifest weight of the evidence." *Moore v. Comparison Market, Inc.*, 9th Dist. Summit No. 23255, 2006-Ohio-6382, ¶

7, citing *Tzangas* at 696. This Court noted in *Moore* that "it is important to keep in mind the limitation on an appellate court's assessment of a Review Commission decision, which precludes the court from making factual findings or weighing the credibility of witnesses." *Moore* at ¶ 7, citing *Tzangas* at 696.

**Unemployment Compensation Appeals**

**{¶14}** In unemployment compensation cases, "[t]his Court is required to focus on the decision of the Review Commission, rather than that of the common pleas court * * *." *Moore* at ¶ 8, citing *Barilla v. Ohio Dept. of Job & Family Servs.*, 9th Dist. Lorain No. 02CA008012, 2002-Ohio-5425, ¶ 6. "Every reasonable presumption must be made in favor of the [decision] and the findings of fact [of the Commission.]" *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19 (1988).

**{¶15}** "The resolution of factual questions is chiefly within the Review Commission's scope of review." *Moore* at ¶ 9, citing *Tzangas* at 696. The courts' role is to determine whether the Review Commission's decision is supported by evidence in the certified record. *Durgan v. Ohio Bur. of Emp. Servs.*, 110 Ohio App.3d 545, 551 (9th Dist.1996), citing *Tzangas* at 696. If such supporting evidence exists, the court cannot substitute its judgment for that of the Review Commission. *Durgan* at 551. As noted by the Supreme Court, applying the same standard of review at both the common pleas and appellate court levels does not result in a de novo review standard. *Tzangas* at 697. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the [Review Commission's] decision." *Irvine* at 18, citing *Craig v. Bur. of Unemp. Comp.*, 83 Ohio App. 247, 260 (1st Dist.1948). *Accord Moore* at ¶ 9.

**Analysis**

**{¶16}** We conclude that Ms. Broaddus waived the argument that, because she was employed in a noninstructional position, R.C. 4141.29(I)(1)(b) applies. ODJFS cited R.C.

4141.29(I)(1)(c) in its decision. In its redetermination, ODJFS again cited R.C. 4141.29 but, this time, it determined that Ms. Broaddus was ineligible for retroactive unemployment benefits pursuant to R.C. 4141.29(I)(1)(a). Despite these findings, Ms. Broaddus continued to argue at the administrative level that she did not have reasonable assurance of continued employment and that she was entitled to federal pandemic assistance. Ms. Broaddus did not make a R.C. 4141.29(I)(1)(b) argument at the administrative level. Ms. Broaddus did not present a R.C. 4141.29(I)(1)(b) argument until her trial court appeal.

{¶17} A party's failure to raise an issue or defense at the administrative level precludes the party from raising it before a reviewing court. *State ex rel. Schlegel v. Stykemain Pontiac Buick GMC, Ltd.*, 120 Ohio St.3d 43, 2008-Ohio-5303, ¶ 17, citing *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78 (1997). The Ohio Supreme Court explained that "'[t]he rule compelling a party to present all legitimate issues before the administrative tribunal is required in order to preserve the integrity of the proceedings before that body and to endow them with a dignity beyond that of a mere shadow-play.'" *Foreman* at 82, quoting *Bohn v. Watson*, 130 Cal.App.2d 24, 37 (1954). *See also Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 30 (the failure to raise arguments before agency or trial court typically precludes a party from raising objections on appeal). This rule applies in unemployment compensation appeals. *See, e.g., Pennessi v. Hanger Prosthetics and Orthotics, Inc.*, 2d Dist. Montgomery No. 28022, 2018-Ohio-4631 (due process arguments waived where claimant "did not raise * * * issue at the administrative level * * *.").

{¶18} While the *Pennessi* court addressed a few waiver exceptions, we conclude that those exceptions do not apply to the facts in this case. Ms. Broaddus is not challenging the facial constitutionality of a statute; this is not a case where Ms. Broaddus' R.C. 4141.29(I)(1)(b)

argument was presented at the first opportunity of discovering or learning of new evidence; no extraordinary circumstances have been presented; and Ms. Broaddus is not presenting an issue of law that was implicit in other issues that were argued. Ms. Broaddus' status as an employee, and whether she was employed in a noninstructional position, is separate and distinct from the issues she asserted at the administrative level, *i.e.* whether she was entitled to compensation under federal COVID programs or whether she had reasonable assurances to return to work.

{¶19} Even though ODJFS cited R.C. 4141.29 in its decision and redetermination, Ms. Broaddus did not challenge or address the statutory provision at the administrative level. At no time in the administrative proceedings did Ms. Broaddus argue that she was employed in a noninstructional position, or in other than an instructional, research, or principal administrative capacity, and that R.C. 4141.29(I)(1)(b) applies. We accordingly conclude that Ms. Broaddus waived the argument that, because she was employed in a noninstructional capacity, she was entitled to retroactive benefits pursuant to R.C. 4141.29(I)(1)(b).

{¶20} We conclude that Ms. Broaddus waived the argument that R.C. 4141.29(I)(1)(b) applies and that the Review Commission's decision that she is not entitled to retroactive unemployment benefits for June 21, 2020 through August 29, 2020 is not unlawful, unreasonable, or against the manifest weight of the evidence. Ms. Broaddus' assignment of error is overruled.

III.

{¶21} For the reasons stated above, Ms. Broaddus' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT


FLAGG LANZINGER, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶22} I respectfully dissent from the judgment of the majority as I would conclude that the hearing officer failed to fully and fairly develop the record as required under the statute. *See* R.C. 4141.281(C)(2). Ms. Broaddus had no burden of proof in the matter. *See id.* The facts adduced by the hearing officer were insufficient to determine whether Ms. Broaddus fell within the parameters of R.C. 41141.29(I)(1)(b). Accordingly, the resultant decision was unreasonable.

APPEARANCES:

SARA WILEY, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and LAURENCE R. SNYDER, Assistant Attorney General, for Appellee.

DIANA M. FEITL, ALEJANDRO V. CORTES, and HAILEE KEPCHAR, Attorneys at Law, for Appellee.