[Cite as *Price v. Cellco Partnership*, 2024-Ohio-5697.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Brandon L. Price, | : | |
| Appellant-Appellant, | : | No. 24AP-304 |
| | | (C.P.C. No. 23CV-9307) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Cellco Partnership, | : | |
| dba Verizon Wireless et al., | | |
| | : | |
| Appellees-Appellees. | | |
| | : | |

N U N C  P R O  T U N C

D E C I S I O N[1]

Rendered on December 5, 2024

**On brief:** *Thelma Thomas Price*, for appellant *Brandon L. Price*.

**On brief:** *Dave Yost*, Attorney General, and *Brian P. Murphy*, for appellee Director, Ohio Department of Job and Family Services.

**On brief:** *Richard L. Hilbrich*, and *Jeffrey B. Keiper*, for appellees Cellco Partnership, dba Verizon Wireless, and Cellco Partnership, ADP, Inc., and Talx UCM Services, Inc.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Appellant, Brandon L. Price, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("Commission") disallowing Price's application for unemployment

---

[1] This decision replaces, nunc pro tunc, the original decision released and filed by this court on December 5, 2024, at 12:46 p.m., to reflect Judge Luper Schuster concurs in judgment only.

compensation benefits based on its finding that Price quit his employment without just cause. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} The facts of this case are not in dispute. Price was employed by appellee, Cellco Partnership, dba Verizon Wireless ("Cellco"), as a customer service representative from March 2018 until May 11, 2023, when he resigned. After Price resigned, he filed for unemployment benefits, representing on his application to the Ohio Department of Job and Family Services ("ODJFS") that he had quit because of "working conditions." (Appellant's Brief at 6.)

{¶ 3} On July 10, 2023, ODJFS issued an initial determination of unemployment compensation, disallowing Price's application for unemployment-compensation benefits based on a finding that he quit his employment with Cellco without just cause. Price appealed the initial determination.

{¶ 4} On July 24, 2023, the director of ODJFS issued a redetermination, which affirmed the initial determination and disallowed Price's application for unemployment-compensation benefits based upon a finding that Price quit his employment with Cellco on May 11, 2023 without just cause. Price appealed the redetermination, whereupon the director of ODJFS transferred jurisdiction to the Commission on August 14, 2023.

{¶ 5} On September 1, 2023, a hearing officer of the Commission conducted an evidentiary hearing via telephone. Price appeared for the hearing with his attorney, Thelma Thomas Price. Roxanne Tobias, from Equifax, Cellco's Third Party Administrator ("TPA"), appeared on behalf of Cellco. Also appearing on behalf of Cellco was Sheila Eskine, from Cellco's Human Resources department. During the telephone hearing, Price provided the following testimony.

{¶ 6} Price was a homebound/remote customer service agent and he quit his position "due to * * * stress related to * * * my job and also my health." (Sept. 1, 2023 Tr. at 107.) Price further testified that he has sleep apnea and narcolepsy, and he would get extremely tired during 9 or 10-hour shifts. Price had a Family Medical Leave Act ("FMLA") claim and a Workplace Agreement ("WPA") in place "at one point" with Cellco, but he admitted that neither were "still in place" at the time he quit on May 11, 2023. (Tr. at 108.) More specifically, Price stated that his FMLA claim ended on March 9, 2020, and his WPA

expired effective May 10, 2021. Documents reflecting Price's prior FMLA claims and WPA were admitted into the hearing record as exhibits.

{¶ 7} Price further testified that he reapplied for an FMLA claim in May 2022, but his sleep apnea doctor was no longer practicing medicine, and Price was unable to obtain medical documentation supporting his claim from the time that was found to be eligible until the time that he quit. Price also testified that in July 2022, he requested another WPA for additional breaks, but the request was denied. Price admitted, however, that he did not provide Cellco with any medical documentation supporting his need of the second WPA.

{¶ 8} Price testified that between July 2022 and May 11, 2023, when he quit, he did not request any other workplace accommodations from Cellco. He also admitted that he did not take any other actions to avoid quitting on May 11, 2023. Price did, however, speak to supervisors at Cellco about training sales agents better, which would reduce the issues customers subsequently brought to customer service representatives such as Price.

{¶ 9} Price testified that as of the date of the September 1, 2023 hearing—more than one year after filing his second FMLA claim and requesting a second WPA—he still did not have a new doctor with whom he was being treated for his sleep apnea and who could provide medical documentation to support his workplace accommodation requests. Price further conceded that he was not terminated by Cellco, and he could have reported for his next shift and continued working for Cellco if he had not quit.

{¶ 10} The hearing was continued to October 2, 2023 because time ran out to complete the hearing. Price and his counsel appeared at the continued hearing, but Cellco did not appear or otherwise participate. Counsel for Price made a closing statement.

{¶ 11} On October 11, 2023, the hearing officer issued a decision affirming the redetermination, disallowing Price's application for unemployment-compensation benefits based on a finding that Price had quit without just cause. On November 1, 2023, Price filed a request for further review, and on November 8, 2023, the Commission allowed Price's request.

{¶ 12} On November 29, 2023, the Commission issued a decision on request for review affirming hearing officer ("final decision"). On December 27, 2023, Price appealed the Commission's final decision to the trial court.

{¶ 13} On April 15, 2024, the trial court issued its decision and judgment entry affirming decision of Ohio Unemployment Compensation Review Commission and notice of final appealable order.

{¶ 14} Price now timely appeals.

## II. Assignments of Error

{¶ 15} Price assigns the following three errors for our review:

[1.] The lower court incorrectly held that the decision of the Hearing officer and the Unemployment Compensation Review Commission (UCRC), was not unlawful, unreasonable, or against the manifest weight of the evidence when it held that appellant had quit his job without just cause. Further, the lower court incorrectly held that the hearing officer did not make an unreasonable determination when she found that appellant's decision to quit was not the one that would have been made by a person of ordinary intellengence under the circumstances.

[2.] The decision of the lower court was incorrect when it held that the decision of the hearing officer and the UCRC, was not unlawful, unreasonable, or against the manifest weight of the evidence when the UCRC upheld the hearing officer's decision that appellant did not quit his job for just cause because he did not quit his job in anticipation of an inevitable discharge, though that was supported by appellant's testimony and not contradicted by Cellco.

[3.] The lower court incorrectly held that the UCRC's decision, not to vacate its decision of November 29, 2023 to consider new evidence, did not violate due process in that it did violate appellant's right to present new evidence that would have changed the outcome of his appeal before the UCRC. The lower court's decision not to require the UCRC to re-open its proceedings to consider the new evidence violated due process and must be reversed.

(Emphasis omitted.) (Sic passim.)

## III.  Law and Analysis

### A.  Standard of Review

{¶ 16} R.C. 4141.282 governs appeals from decisions of the Commission to the trial court and provides as follows:

The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or

modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

R.C. 4141.282(H).

{¶ 17} On appeal, a reviewing court may reverse a just cause determination by the Commission only if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Id.*; *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694 (1995), paragraph one of the syllabus. The reviewing court "is not permitted to make factual findings or reach credibility determinations." *Houser v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-116, 2011-Ohio-1593, ¶ 7, citing *Tzangas* at 696, citing *Irvine v. State, Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18 (1985). Similarly, a reviewing court may not substitute its judgment on factual findings or credibility determinations for that of the Commission. *Id.*, citing *McCarthy v. Connectronics Corp.*, 183 Ohio App.3d 248, 2009-Ohio-3392, ¶ 16 (6th Dist.), citing *Irvine* at 18. Instead, a reviewing court must determine whether the Commission's decision is supported by the evidence in the record. *Houser* at ¶ 7, citing *Irvine* at 18. The focus of the analysis, therefore, is on the Commission's decision rather than the decision of the trial court. *Id.*, citing *Carter v. Univ. of Toledo*, 6th Dist. No. L-07-1260, 2008-Ohio-1958, ¶ 12. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. Thus, this court "must affirm the commission's finding if some competent, credible evidence in the record supports it." *Williams v. Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, ¶ 20. Put another way, "a reviewing court may not reverse the commission's decision simply because 'reasonable minds might reach different conclusions.' " *Id.*

## B. Relevant Law

{¶ 18} A claimant bears the burden of proving his or her entitlement to unemployment compensation benefits. *Houser* at ¶ 8, citing *Irvine* at 17. In this case, the Commission denied Price's claim for unemployment benefits on the grounds that he voluntarily quit his employment without just cause. Pursuant to R.C. 4141.29(D)(2)(a), a claimant is ineligible to receive unemployment benefits if "[t]he individual quit work without just cause." R.C. 4141.29(D)(2)(a); *Houser* at ¶ 8. " 'Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason

for doing or not doing a particular act.' " *Houser* at ¶ 8, quoting *Irvine* at 17. Whether just cause exists depends on the factual circumstances of each case. *Id.*, citing *Warrensville Heights v. Jennings*, 58 Ohio St.3d 206, 207 (1991). "Therefore, a just cause determination is primarily an issue to be resolved by the trier of fact." *Id.*, citing *Stark Area Regional Transit Auth. v. Dir., Ohio Dept. of Job & Family Servs.*, 187 Ohio App.3d 413, 2010-Ohio-2142, ¶ 20 (5th Dist.), citing *Irvine* at 17.

{¶ 19} "A just cause determination must be consistent with the purpose of the Unemployment Compensation Act, which is to provide financial assistance to individuals who become and remain involuntarily unemployed due to adverse business and industrial conditions." *Brooks v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 08AP-414, 2009-Ohio-817, ¶ 12, citing *Tzangas* at 697. "The act protects those employees who have no control over the situation that leads to their separation from employment." *Id.*, citing *Tzangas* at 697.

{¶ 20} With the foregoing standard of review and authorities as our guide, we now turn to Price's assignments of error.

### C. Assignment of Error One

{¶ 21} In his first assignment of error, Price asserts the Commission's finding that Price quit his job without just cause was not supported by competent, credible evidence, and, therefore, the decision was unlawful, unreasonable, and against the manifest weight of the evidence. We disagree.

{¶ 22} As set forth and discussed above, the standard of review in this appeal is extremely deferential: is there *some* competent, credible evidence to support the hearing officer's/Commission's decision that Price quit without just cause? If there is such evidence, this court must affirm. In this case, we find there is more than some competent, credible evidence supporting the finding that Price quit without just cause.

{¶ 23} Price asserts the Commission's decision was unlawful, unreasonable and/or against the manifest weight of the evidence because Cellco did not do anything to accommodate his medical conditions, including not offering comparable positions that would have accommodated his medical conditions. But Price did not request that Cellco provide for an accommodation (outside of a FMLA-related accommodation or a WPA, either of which required documentation from a medical provider) prior to quitting his position. The responsibility to make such a request for accommodation lay with Price. Case

law is clear that an employee who voluntarily resigns due to health issues, will be found to have quit without just cause when the facts show that the employee was otherwise physically capable of remaining employed but failed to ask whether alternative/comparable positions that he or she could physically perform are available, and the employer did not offer the employee such a position because the employee failed to ask. *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, at syllabus; *Boynton v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 21AP-481, 2022-Ohio-2597, ¶ 10-12.

{¶ 24} Price also asserts that asking whether alternative/comparable positions were available would have been futile because finding a position that could be performed while operating under only 30 minutes of nightly sleep would have been difficult or even impossible. (*See* Appellant's Brief at 44-45.) Nevertheless, the onus was on Price to make the request. The record is clear—indeed, Price concedes—that he did not. Thus, the Commission's finding that Price voluntarily quit his job without just cause is supported by competent, credible evidence, and he is not entitled to unemployment compensation benefits. *Watkins v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-479, 2006-Ohio-6651, ¶ 22, citing *Shephard v. Dir., Ohio Dept. of Job & Family Servs.*, 166 Ohio App.3d 747, 2006-Ohio-2313, ¶ 26 (8th Dist.) (an employee must notify the employer of the problem and request it be resolved, and give the employer an opportunity to solve the problem before the employee quits the job; employees who do not provide such notice ordinarily will be deemed to quit without just cause and, therefore will not be entitled to unemployment benefits).

{¶ 25} In sum, as the trial court and the Commission found, an ordinarily intelligent person would have inquired whether comparable jobs that could accommodate his medical conditions were available (and then not being offered any such opportunities, if any) prior to quitting his position. In addition, an ordinarily intelligent person would have pursued a potential FMLA-related leave more diligently by taking additional steps to obtain the required medical documentation for such a leave (as Price had done in the past). Competent, credible evidence shows that Price did not do either—indeed, Price's own testimony readily shows this. Thus, competent, credible evidence shows Price voluntarily abandoned his job without just cause. Therefore, he is not entitled to unemployment-compensation benefits.

{¶ 26} Accordingly, Price's first assignment of error is overruled.

### D. Assignment of Error Two

{¶ 27} In appellant's second assignment of error, Price asserts he quit with just cause because it was inevitable that Cellco was going to discharge him. This assigned error is meritless.

{¶ 28} First, Price failed to raise his argument based on inevitable discharge before the Commission. The argument was not made to the Commission either orally during closing arguments or in writing as part of Price's request for a review of the hearing officer's decision. Generally, a party's failure to raise an issue or defense at the administrative level precludes the party from raising it before a reviewing court. *State ex rel. Hoffman v. Ryan*, 10th Dist. No. 09AP-738, 2010-Ohio-2974, ¶ 8, citing *State ex rel. Schlegel v. Stykemain Pontiac Buick, GMC, Ltd.*, 120 Ohio St.3d 43, 2008-Ohio-5303, ¶ 17, citing *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78 (1997). In *Foreman*, the Supreme Court of Ohio explained that " '[t]he rule compelling a party to present all legitimate issues before the administrative tribunal is required in order to preserve the integrity of the proceedings before that body and to endow them with a dignity beyond that of a mere shadow-play.' " *Foreman* at 82, quoting *Bohn v. Watson*, 130 Cal.App.2d 24, 37, 278 P.2d 454 (1954*). See also Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 30 (the failure to raise arguments before an agency or trial court typically precludes a party from raising objections on appeal). This rule applies in unemployment compensation appeals. *Broaddus v. Dir., Ohio Dept. of Job & Family Servs.*, 9th Dist. No. 30680, 2024-Ohio-1205, ¶ 17; *see also, Pennessi v. Hanger Prosthetics & Orthotics, Inc.*, 2d Dist. No. 28022, 2018-Ohio-4631 (due process arguments waived where claimant "did not raise * * * issue at the administrative level"). Accordingly, Price has forfeited the right to make this argument on appeal.

{¶ 29} Moreover, even if Price had not waived his argument premised on inevitable discharge, the argument would fail in any event. There is no evidence in the record that Cellco was planning on discharging Price. Indeed, Price himself testified that no one from Cellco told him he was going to be terminated; nor was he ever asked to resign in lieu of being discharged. Furthermore, although Price testified that he believed his termination was imminent, as set forth above, issues of credibility and questions of fact are left to the Commission to resolve. *Houser*, 2011-Ohio-1593, at ¶ 7. Thus, the Commission was entirely free to disbelieve Price's testimony concerning his theory of inevitable discharge in any event.

{¶ 30} Accordingly, Price's second assignment of error is overruled.

### E. Assignment of Error Three

{¶ 31} In his third assignment of error, Price asserts the trial court erred in finding that the Commission's decision not to vacate its November 29, 2023 decision disallowing Price's application for unemployment compensation in order to consider new evidence did not violate Price's due process rights, and further erred in not requiring the Commission to reopen its proceedings to consider the new evidence. This assignment of error is entirely without merit.

{¶ 32} In this case, on or about December 9, 2023, and after the Commission issued its final decision on November 29, 2023, as contemplated by R.C. 4141.281(C), Price filed a motion styled as "Motion for Reconsideration/Motion to Vacate" the Commission's final decision. Price did not cite to any specific rule, statute, or any other procedure as grounds for his motion. On appeal to the trial court, however, Price asserted the Commission should have granted the motion pursuant to Civ.R. 60(B). Price is wrong.

{¶ 33} First, unemployment compensation proceedings and appeals under R.C. 4141.281 constitute special statutory proceedings to which the Ohio Rules of Civil Procedure do not apply, either at the administrative level or in an appeal to the trial court. *Middlebrook v. United Collection Bur., Inc.*, 10th Dist. No. 17AP-280, 2017-Ohio-8587, ¶ 8, citing *Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844, ¶ 21; *McCourt v. Weather-Tite Aristocrat*, 8th Dist. No. 39614, 1979 Ohio App. LEXIS 10964 (Nov. 8, 1979); Civ.R. 1(C) ("to the extent that [the civil rules] would by their nature be clearly inapplicable, shall not apply to procedure * * * in * * * special statutory proceedings"). Thus, "Civ.R. 60(B) does not apply to administrative appeals." *Id. See also McConnell v. Admr., Ohio Bur. of Emp. Svcs.*, 10th Dist. No. 96APE03-360, 1996 Ohio App. LEXIS 3889 (Sept. 3, 1996) (finding that the Rules of Civil Procedure, including Civ.R. 60(B), do not apply to administrative appeals from decisions rendered by the State of Ohio Unemployment Compensation Board of Review).

{¶ 34} Moreover, special statutory proceedings are governed solely by the statutory framework relevant to those proceedings. Specifically, appeals from the denial of an application for unemployment compensation to the director of ODJFS, and subsequently to the Commission, are governed by R.C. 4141.28 and R.C. 4141.281. Nothing in these statutes provides for motions for reconsideration of a final decision of the Commission,

motions to vacate a final decision of the Commission, and/or motions for relief from a final decision of the Commission, and tellingly, Price has identified no such provision. Because the statutory scheme relevant to unemployment compensation proceedings does not permit a motion such as the one Price filed, the Commission had no statutory authority to even consider it in the first instance, let alone grant it. In short, Price availed himself of all review-level rights afforded under the relevant statutes in an appeal to the Commission, and the Commission granted his request for review of the hearing officer's decision and conducted that review pursuant to the procedures set forth in R.C. 4141.281(C)(6). Price's due process rights were not violated in any way.

{¶ 35} Finally, we point out that on appeal, Price has asserted as novel grounds in support of his third assignment of error that R.C. 4141.281(C)(2) mandates that the Commission should have granted his motion for reconsideration and reopened the hearing to consider new evidence. Price neither made this argument in his motion before the Commission nor in the trial court. As discussed in our analysis of Price's second assignment of error, a party's failure to raise an issue or defense at the administrative level precludes the party from raising it before a reviewing court. *State ex rel. Hoffman*, 2010-Ohio-2974, at ¶ 8. (Quotations and citations omitted.) Therefore, Price has waived this argument, and we decline to consider it.

{¶ 36} In short, based on the foregoing, the trial court did not err in finding that the Commission's decision not to vacate its November 29, 2023 decision disallowing Price's application for unemployment compensation to consider new evidence did not violate Price's due process rights. Accordingly, Price's third assignment of error is overruled.

## IV. Disposition

{¶ 37} Having overruled Price's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

———————————